SMITH, ADM'R, &C., *vs.* DUNN, EXECUTOR, &C.

[BILL IN EQUITY BY TENANT IN COMMON FOR PARTITION OF A SLAVE.]

1. *Denial by defendant of complainant's title no ground for dismissing bill or directing issue at law.*—Conceding that, on a bill for partition of land between tenants in common, if the defendant denies the plaintiff's title, and sets up an adverse possession and title in himself in severalty, the court will not proceed until the plaintiff has established his right at law ; yet this rule cannot be extended to a bill for partition of a slave between tenants in common. The reason of the rule is, that such denial and claim set up in the answer is held an actual ouster, for which a tenant in common of land may bring ejectment against his co-tenant ; but a tenant in common of a slave cannot maintain any action at law against his co-tenant to try or establish his title, while the latter has possession.

APPEAL from the Chancery Court of Macon.
Heard before the Hon. A. J. WALKER.

THIS bill was filed by the appellee, as executor of John Potter, deceased, against the appellant, as administrator of William Potter, deceased ; and its object was to obtain partition of a slave, which was alleged to have been bequeathed to one David Potter for life, "and at his death to go to his sons, John and William, to be equally divided between them." The bill alleged, that the slave was held by said David Potter during his life under said bequest ; that on his death said slave went into the possession of said William Potter, remained in his possession until his death, and has since that time been in the possession of the defendant as his administrator ; that John Potter, complainant's testator, died in 1848, after having made and published his last will and testament, which has since been admitted to probate, and by which he bequeathed his interest in said slave to his brother William ; that the estate of John Potter is insolvent, and that it will require all his property to pay the debts of his estate.

The defendant answered the bill ; admitting his possession of the slave as administrator of said William Potter, denying all the allegations of the bill as to said John Potter's interest in him, and averring that his intestate died seized and possessed of said slave. On final hearing, on bill, answer, and

proofs, the chancellor rendered a decree in favor of the complainant, ordering a sale of the slave for the purpose of partition and an account of the hire; and this decree is now assigned for error.

WILLIS & WILLIAMS, for the appellant, contended, that since the complainant's title is denied in the answer, the court cannot go on and decree partition, but will at once dismiss the bill, or, perhaps, direct an issue at law to be tried; that the rule is settled when the application is for partition of land, and there is no good reason why a distinction should be made between real and personal estate; and that the complainant's bill makes out a case of conversion, for which he had a remedy at law. They cited, on the first point, Wilkin v. Wilkin, 1 Johns. Ch. 113; and on the last, Smith v. Tankersley, 20 Ala. 212, and Tankersley v. Childers, 23 *ib*. 781.

CLOPTON & LIGON, *contra*, insisted that the rule invoked by appellant applies only to bills for partition of land, and does not extend to applications for partition of slaves; and cited Edwards v. Bennett, 10 Ired. 361.

RICE, J.—We shall notice only the point made in the argument of appellant's counsel. That point is, "that the title of complainant in the slave, in which partition is sought by the bill and decreed by the chancellor, is denied in the answer of the defendant; and such being the case, the court cannot go on and decree partition, but will at once dismiss the bill, or, perhaps, direct an issue at law to be tried."

We may concede, that in a bill for partition of land, if the defendant denies the title of the plaintiff, and sets up an adverse possession and a title in himself in severalty, the court of chancery will not proceed, until the plaintiff establishes his title by an action of ejectment. But the reason for this rule is, that a tenant in common of land may bring ejectment against his co-tenant, when there is an actual ouster; and such denial and claim set up in the answer is taken to be an actual ouster.—Edwards v. Bennett, 10 Iredell's R. 361; Delony v. Walker, 9 Porter's R. 497; 2 White & Tudor's Leading Cases, part 1, top pages, 531 to 538.

This reason, and the rule founded on it, cannot be applied as between tenants in common of *a slave:* one of such tenants cannot maintain an action at law to try or establish his title, against his co-tenant, whilst the latter continues in the possession of the slave.—Parminter v. Kelly, 18 Ala. 716 ; Edwards v. Bennett, *supra.*

If the above mentioned rule, as to tenants in common of *land,* were applied to tenants in common of slaves, there would be no remedy in any court for the latter class of tenants, whenever the tenant holding the actual possession denied the tenancy in common or the title of his co-tenant. " Where there is a right, some court must be empowered to make it effectual." Partition by tenants in common of chattels, could not be had in the common-law courts : they had to go into the courts of equity, to effect that object.—Irwin v. King, 6 Iredell's R. 219.

Without deciding anything as to a bill for partition of land, we hold, that a mere denial by the defendant, to a bill for partition of a slave, of title in the complainant, is, by itself, no ground for dismissing the bill, or for directing an issue at law to be tried.—Overton v. Woolfolk, 6 Dana's R. 374 ; Edwards v. Bennett, *supra.*

Having now decided the point made by the appellant adversely to him, we wish it understood that our decision is confined to that point. Decree affirmed, at the costs of the appellant.