FREEMAN GODFREY v. GEORGE H. WHITE.

*Partition of personal property—Equity court has exclusive jurisdiction of—Denial of complainant's title by defendant, immaterial—Remedy at law—Only exclusive where rights of parties spring from legal duties and obligations—Even then, if inadequate, aid of equity may be invoked—Accounting—Must precede suit for partition only where partnership relation exists between the parties as to the subject matter—Or where there is an agreement therefor, express or implied.*

1. Courts of equity have *exclusive* jurisdiction of suits for the partition of *personal* property, even though complainant's title is denied by the defendant.

2. It is only when the rights of parties spring from *legal* duties and obligations that the remedy at law for their enforcement is *exclusive;* and if such remedy is *inadequate* to afford the proper relief, and property is wrongfully withheld to satisfy the just claims of parties, and beyond the reach of the law, the aid of the equity court may be invoked, and it will furnish the necessary assistance, in most cases, to prevent a failure of justice.

3. It is only where the partnership relation exists between the parties as to the property sought to be partitioned, or when there is some agreement, express or implied, between them that an accounting shall be had *before* such division, that such accounting is a pre requisite to a suit for partition.

Appeal from Kent. (Montgomery, J.) Argued February 18, 1886. Decided April 8, 1886.

Bill for partition of personal property. Defendant appeals. Affirmed. The facts are stated in the opinion.

*John E. More*, for complainant:

Courts of equity have exclusive jurisdiction of suits for the partition of personal property: Freeman on Co-tenancy, § 426; *Smith v. Smith*, 4 Rand. 102; *Conover v. Earl*, 26 Iowa, 167; *Marshall v. Crow*, 29 Ala. 278; *Irwin v. King*, 6 Ired. 219; *Crapster v. Griffith*, 2 Bland, 5; *Tinney v. Stebbins*, 28 Barb. 290; *Low v. Holmes*, 17 N. J. Eq. 148; and this is true, even though defendant denies complainant's

title : *Weeks v. Weeks*, 5 Ired. Eq. 118 ; *Edwards v. Bennett*, 10 Ired. Law, 363 ; *Smith v. Dunn*, 27 Ala. 316.

The objection that complainant's bill did not fully set out the claim of title was not urged on the hearing, and has· no force : *Bradshaw v. Callaghan*, 8 Johns. 562 ; *Rutherford v. Jones*, 14 Ga. 521.

The only defense urged at the hearing was that the interest of Rathbone in the stock was, by virtue of the agreement of April 23, 1877, subject to a lien for any excess of payments made by White on account of their joint liability. This defense seems fully answered in the opinion of the circuit judge, from which I quote as follows :

" It does not appear that the two were partners ; certainly not as to this stock after the agreement in question was drawn. There is a distinct agreement that they should hold the same in equal shares, and that it should be divided. Assuming that they were partners in other matters, each having the right to control and a lien upon the copartnership property for the payment of debts or the account of each partner, does it follow that each could not, by a *distinct* agreement, have an interest in other property not connected with the copartnership, or an interest in common with the other ? I think not.

" The fact of the existence of a copartnership, if one existed, in no way limits the rights of the two parties to hold property in severalty upon which the other has no lien ; nor can it limit their right to become cotenants in property not connected with the copartnership business. and to agree to a division of it as they have done in this case."

The reasoning seems to be conclusive, and the decree should be affirmed.

### *Blair, Kingsley & Kleinhans*, for defendant :

The bill, which is framed upon the theory that complainant, Godfrey, and defendant, White, are *tenants in common* of the stock, alleges " that although the certificate certifies that White is the owner of said thirty shares, yet your orator charges the fact to be that your orator is the owner of an equal undivided half of said thirty shares," and then states a request by Godfrey and a refusal by White to deliver or transfer this stock.

In this aspect of the case, equity will not entertain the bill, because the complainant has a full, complete, adequate, plain, open, speedy remedy at law. No special circumstances or reasons are shown to aid the jurisdiction. It does not appear

that White is insolvent, or that the stock is not to be had in the open market, or that its value is peculiar to the complainant, or is difficult to fix in a money standard. And the proofs contain nothing which can be urged why equity should be invoked to furnish relief when the remedy at law is complete, speedy, and ample.

It is well established by the decided weight of authority in this country that equity will not interfere, but will leave the parties to their legal remedies, where no special circumstances appear rendering the legal remedy inadequate. In the case of a contract for sale and transfer of stock, a bill for specific performance will not lie, unless special circumstances are shown why the remedy at law is inadequate: 2 Story Eq. Jur. §§ 717, 717 (a); Lowell Transfer of Stock, §§ 222–3; Taylor Law of Private Corporations, § 790; *Ross v. Union Pac. R'y Co.* 1 Woolw. 26 (Miller, J.); *Johnson v. Brooks*, 93 N. Y. 337, 343; *Salisbury Mills v. Townsend*, 109 Mass. 121; *Cowles v. Whitman*, 10 Conn. 121, 124; *True v. Houghton*, Sup. Ct. Col., Dec. '82,—in full, 16 Cent. L. J. 269; Pomeroy Contracts, § 19.

The same principles govern where the bill is filed against a corporation to compel it to transfer stock on its books into the name of a purchaser. For a refusal, the purchaser may recover the full value of the stock; and unless that appears to be an inadequate remedy for any special reason, equity will not interfere: Lowell Transfer of Stock, §§ 137, 236; *Walker v. Detroit T. R'y Co.*, 47 Mich. 338; *Asylum v. Phœnix Bank*, 4 Conn. 172; *Cushman v. Thayer Mnfg. Co.*, 76 N. Y. 365.

The case is exactly analagous to that where a purchaser of stock has, by an assignment and blank form of attorney, become vested with the ownership, but the corporation refuses to make the transfer. He is entitled to have the stock transferred on the company's books, and it is the duty of the company to register the transfer. The legal title is not in him, but he may nevertheless sue the company at law for damages for the refusal to transfer. The action is not based upon the title, but upon his legal right to have the transfer made, and upon the legal duty of the corporation to make it. The refusal to transfer is a breach of legal duty, the measure of damages for which is the full value of the stock; and this action excludes equity jurisdiction, except in cases where, owing to peculiar circumstances, damages would be inadequate: Lowell Transfer Stock, §§ 136, 137; *Balt. City R'y*

*Co. v. Sewell,* 35 Md. 238; *Arnold v. Suffolk Bank,* 27 Barb. 424.

The contract of April 23, 1877, is entire, covering the *whole* of the undivided stock, and complainant cannot insist on a division of the Continental Improvement Co. stock unless he offers to divide the other stocks. In order to put White in default he must show a performance, or willingness to perform, *all* his obligation under this contract, for such obligation is a condition precedent to any performance by White: *Stone v. Pratt,* 25 Ill. 25–34; *Johnston's Heirs v. Mitchell's Heirs,* 1 A. K. Marshall, 2d Ed. 166; and in such a case there can be no partition of a *part* only of the common property: *Sutter v. City and Co. of San Francisco,* 36 Cal. 112; and a bill for partition of the stock in this case would properly be brought by Rathbone's executors for a division of the *whole* stock, and Godfrey would not even be a necessary party: *Willard v. Taylor,* 8 Wall. 557, 571; Fry on Spec. Perf. of Contracts, § 82; for the doctrine is undisputed that equity will not decree performance of *part* of an *entire* contract: Fry on Spec. Perf. of Contracts, Chap. 15, p. 237; *Stone v. Pratt,* 25 Ill. 25; *Hancock v. Hancock,* 1 T. B. Mon. (Ky.) 121.

SHERWOOD, J. On the twenty-third day of April, 1877, the defendant and Amos Rathbone were the joint owners of thirty shares of the capital stock of the Continental Improvement Company, a corporation organized under the laws of the state of Pennsylvania.

The said Rathbone and the defendant owned equal interest in the stock, but it was all issued to defendant, and is still held by him, and stands in his name upon the books of the company.

Amos Rathbone died in 1882, leaving a will, which was probated in Kent county in December, 1882, and executors named in the will were duly appointed and qualified, and as such sold and duly transferred, for the consideration of $775, the interest of said Rathbone's estate to the complainant, on the ninth day of July, 1883.

After this purchase the complainant applied to the defendant for a division of the stock, which was refused, and thereupon the complainant filed the bill in this case for the pur-

pose of obtaining the division asked for, setting forth, among others, the foregoing facts.

The defendant appeared and answered, contenting himself with a simple denial of the facts set forth in the bill which would show him guilty of the injustice charged, and adding thereto the following averment, viz.:

"And this defendant, further answering, says that, in regard to his dealings with the complainant in the stock of said corporation, he caused to be transferred, many years ago, all the stock he paid for either to this defendant or said corporation; that the certificate standing in his name was the individual property of this defendant; that the complainant never bargained for or paid any consideration for the same, or any part thereof, either to this defendant or to said corporation; and the defendant further avers whatever complainant's rights are they are subject to the equities existing between the defendant and the said Amos Rathbone's estate."

The cause was heard in the Kent circuit, before Judge Montgomery, upon pleadings and proofs, who rendered a decree granting the relief prayed.

We think the decree made was entirely proper in the case.

The testimony tends to show that for a series of years previous to April, 1877, the said Amos Rathbone and defendant did business together of all kinds, nearly; perhaps not as partners, but made joint. purchases of land and other property, holding the same either as joint tenants or tenants in common, taking the title to such property at the time of purchase, sometimes in the name of one and sometimes in the name of the other, and often in the name of both, but in all of which the interest of the parties was equal. In this manner it seems the property sought to be partitioned was purchased.

On the said twenty-third of April, 1877, a settlement was made between the parties, and all the property divided except the above-mentioned thirty shares of Continental Improvement stock, fifty-eight shares of the Grand Rapids & Indiana Railroad stock, and twenty shares of Chicago & Michigan Lake Shore Railroad stock.

These three items of property were not divided at the

time of the settlement, and this statement appears in the agreement made between the parties at the time of the settlement in relation thereto:

"There is certain property [meaning these three items of stock] which it is inconvenient at this time to divide; but it is hereby agreed between the parties hereto that said Rathbone and said White are the joint and equal owners thereof, and that the same shall be divided equally between them as soon as practicable."

In the division made each party took a portion of the assets as his share, and each assumed a portion of the liabilities of the parties, each guarantying the other against the payment of the portion he assumed. At the same time the following agreement was made:

"Whereas, Amos Rathbone and George H. White have this day settled up their matters and divided their property, which they have held and owned together; and whereas, they have operated together for a number of years, and taken conveyances of land, sometimes in the name of said Rathbone and sometimes in the name of said White, and the same has been from time to time conveyed, sometimes with warranty, and the said Amos Rathbone and George H. White have been and are also executors of the estate of A. D. Rathbone, deceased:

"Now, therefore, the said Amos Rathbone and the said George H. White, in consideration of the premises, each with the other agree that they shall mutually and equally pay and discharge all obligations and liabilities which may have or will hereafter grow or arise out of the aforesaid business and trust, other than those respectively aforesaid assumed by them in a certain contract of even date herewith, executed by the parties hereto."

The particular reasons why it was not convenient to make division of the three items of stock at the time of the settlement does not appear in the record. It is therefore quite probable that it was immaterial to this issue. Neither does it appear that the defendant ever had any lien or claim to the estate's undivided half, nor that the stock was liable in any way to any claim made by the defendant.

The counsel for defendant depends in his brief upon four grounds:

1. That complainant's remedy is complete at law, and that equity has no jurisdiction.

2. That the contract under which complainant derives title, between Rathbone and White, is entire, and cannot be split up so as to allow the complainant, the assignee of Rathbone's rights, to call for a division of the Continental Improvement stock without the rest of the undivided stock being embraced in the division called for.

3. That White has a right to an accounting between the Amos Rathbone estate and himself, claiming that Rathbone has not paid the liabilities assumed by him in the contract of settlement.

4. That the contract to divide the stock is entire, and that White is not bound to perform his part until Rathbone has or is ready and willing to perform his, and that the former is not bound to divide any part of the stock until Rathbone or his executors are willing to divide the remainder.

Courts of equity have exclusive jurisdiction of suits for the partition of personal property: Freem. Cotenancy, § 426; *Smith v. Smith*, 4 Rand. 102; *Conover v. Earl*, 26 Iowa, 167; *Marshall v. Crow*, 29 Ala. 278; *Irwin v. King*, 6 Ired. 219; *Crapster v. Griffith*, 2 Bland, 5; *Tinney v. Stebbins*, 28 Barb. 290; *Low v. Holmes*, 17 N. J. Eq. 148. This is true, even though the defendant denies the complainant's title: *Weeks v. Weeks*, 5 Ired. Eq. 118; *Smith v. Dunn*, 27 Ala. 316; *Edwards v. Bennett*, 10 Ired. Law, 363. We do not think the first point relied upon by defendant can be maintained. The demurrer claimed in the answer upon that ground does not appear to have been brought to a hearing at the circuit. This is not a case to enforce a contract for the sale and transfer of stock, neither is it a case to compel a company to transfer stock on its books to the name of the assignee or purchaser, but a bill to compel the performance of an equitable duty springing up and having its origin in the equitable relation of the parties to the property in question, after the parties have acknowledged in writing the existence of such equitable relations.

It is only when the rights of parties spring from legal

60 Mich.—29

duties and legal obligations that the law steps in and furnishes the remedy for their enforcement to the exclusion of proceedings in equity; and, even in those cases, where the legal remedy is inadequate to afford the proper relief, and property is wrongfully withheld to satisfy the just claims of parties, and beyond the reach of the law, equity may be successfully appealed to, and will furnish the necessary assistance, in most cases, to prevent a failure of justice: Low. Transf. Stocks, §§ 223, 225.

The second and fourth grounds, above stated, upon which the defendant relies, furnish no defense in this case. They are not applicable to the facts stated, and so far as the interest of Rathbone and White in the three items of stock is concerned, it is substantially conceded; but whether it is or not, the record shows it was not a partnership one.

The thirty shares of Continental Improvement stock was an entire, distinct, and separate parcel of property, having no natural or necessary connection whatever with the stock in the other two railroad companies, and would, in any sale authorized in legal proceedings, ordinarily be required to be sold separate from the other two items of undivided property, and could as well be partitioned by itself as in connection with the other two parcels, and, in fact, there might be very satisfactory reasons why a separate partition should be made.

No lien was created in favor of either of the parties as against the other under the relation in which they held the property, and none was created under the contract of settlement; and had there been any from any other source, it could not have affected the right of complainant to the partition asked, but only the extent of his interest in the property: Low. Transf. Stocks, §§ 138–141; *Butler v. Roys*, 25 Mich. 53; *Green v. Arnold*, 11 R. I. 364; *Hoyt v. Day*, 32 Ohio St. 101; *Earles v. Meaders*, 1 Baxt. 248.

The defendant's third ground of defense cannot be maintained. It is only when the partnership relation exists between the parties as to the property sought to be partitioned, or there is some agreement, express or implied, between them that an accounting shall be had before a division

of the property can be made, that the rule contended for applies. The record fails to show the first, and the latter is not claimed. This necessarily disposes of the case, and the decree at the circuit must be affirmed, with costs.

CAMPBELL, C. J. and MORSE, J. concurred. CHAMPLIN, J. did not sit, having been of counsel.