(112 App. Div. 419)

### CARTIER v. PABST BREWING CO. et al.

(Supreme Court, Appellate Division, First Department. April 20, 1906.)

CHATTEL MORTGAGES—FORECLOSURE—PURCHASE BY MORTGAGEE—LIABILITY TO JUDGMENT CREDITORS.

Where, after default in payment of the debt secured by chattel mortgage, the mortgagee took possession of the property, sold it, and purchased at the sale for less than the value of the property, a judgment creditor of the mortgagor was not entitled to thereafter recover from the mortgagee the difference between the amount of the mortgage indebtedness and the value of the property.

[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Chattel Mortgages, § 576.]

O'Brien, P. J., dissenting.

Appeal from Special Term, New York County.

Action by Elveina Cartier against the Pabst Brewing Company and others. From a judgment for plaintiff, defendant brewing company appeals. Reversed and remanded.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

A. S. Gilbert, for appellant.

Julius H. Cohen, for respondent.

McLAUGHLIN, J.  This action was in equity to set aside a sale made under a chattel mortgage and to redeem.  There is little or no dispute between the parties as to the material facts involved, except as to the value of the property sold.  On the 8th of November, 1899, John L. Cartier and Rosa Michaels purchased from one Durando the hotel business conducted upon lands situate at 154th street and McComb's dam, in the city of New York, including the furniture, fixtures, etc., and for that purpose borrowed from the Pabst Brewing Company $5,000 as collateral security, for the payment of which they delivered to it a chattel mortgage upon the furniture, fixtures, etc.  The mortgage was in the usual form, and the condition of it was to pay the $5,000 on demand, with interest at the rate of 6 per cent., and all other sums which might thereafter be due or become due to the brewing company for merchandise sold by it to the mortgagors.  Cartier and Michaels continued the business for some time, and then organized, or were instrumental in organizing, a corporation known as the "Standard Hotel Company," and after such organization they sold to it the property covered by the mortgage.  On the 20th of January, 1903, the corporation took from the owner of the land on which the hotel stood a lease extending from that date until the 1st of May, 1910, at a specified rental, payable at stated times; the payment of the rent being guarantied by the brewing company; and for the purpose of securing it against any loss which it might sustain by reason of such guaranty, and as further security for the payments secured by the Cartier and Michaels mortgage, it assumed the indebtedness, and also executed another mortgage on the lease.  Subsequently, the hotel company became insolvent, and on the 30th of November, 1903, notified the brewing company that it was about to abandon the place, and suggested it had better take possession under its mortgages, in order to protect its interest.  Acting upon this suggestion, the brewing company, through its representatives, took possession, and on the following day the property was sold at its direction by the city marshal at public auction; one notice advertising the sale having been previously inserted in a daily newspaper published in the city of New York, which, according to the uncontradicted testimony of the marshal, was the usual way in which such property was sold.  The brewing company purchased the property as an entirety for $500, being the only bidder.  After the sale it remained in possession until about the 12th of December, when it sold to the defendant Luhring the "good will of the hotel, restaurant, and café business, * * * and the fixtures therein contained," and other property of considerable value, for $8,000; $3,000 of which was paid down, and payment of the balance secured by chattel mortgage on the property sold.  The brewing company also gave her a lease of the premises from January 1, 1904, to May 1, 1910; she agreeing to pay the same rent as the brewing company had obligated itself

to pay to the owner. On the 21st of December following, the brewing company obtained from the owner a lease of the premises on the same terms and conditions as those contained in the lease from the owner to the hotel company, except that it was from January 1, 1904, and the brewing company obligated itself to pay the rent, instead of guarantying payment. On the 27th of November, 1903, the plaintiff secured a judgment against the hotel company for the sum of $3,213.46, upon which execution was issued and returned wholly unsatisfied, and she thereafter brought this action to set aside the sale, cancel the mortgage upon the leasehold estate, and to redeem; alleging that she was ready and willing to pay whatever sum might be found due to the brewing company upon the mortgage of said leasehold on being accorded the right to redeem. The trial court found as a fact, and the finding is not challenged, that at the time the brewing company took possession there was due to it from the hotel company, for which the mortgages had been given as security, $8,325.66; that the sale was not conducted in a manner calculated to obtain the best possible price, in that sufficient publicity was not given; that the value of the property sold, including the lease, at the time of the sale was $10,000; that the brewing company should be charged with this amount, from which should be deducted the amount due it, leaving a balance of $1,852.53, for which judgment was directed against it; such judgment, however, to be in lieu of a resale and redemption by the plaintiff. Judgment was accordingly entered, and the brewing company appeals.

I am not familiar with any principle, either legal or equitable, which will permit a judgment obtained upon the foregoing facts to be sustained. It is, in effect, compelling a mortgagee of personal property, after default has accrued, to purchase the property at its full value. When default occurred in the payment of the amount secured by the chattel mortgages, that moment the title to the property covered by them became absolute in the brewing company, the mortgagee. Stoddard v. Denison, 38 How. Prac. 296; Ballou v. Cunningham, 60 Barb. 425. After default the brewing company held the legal title and was the owner of the property. Neither the mortgagor (the hotel company) nor any of its creditors could thereafter maintain an action at law against it. All that remained to them was a mere naked equity of redemption, which could only be enforced in an equitable action. Charter v. Stevens, 3 Denio, 33, 45 Am. Dec. 444; Bragelman v. Daue, 69 N. Y. 69. In order to avail themselves of the right to redeem, they were obliged to allege and prove that they were willing and able to pay such amount, or else facts had to be proved which warranted a judgment directing such payment as a condition of redemption (Casserly v. Witherbee, 119 N. Y. 522, 23 N. E. 1000), or that the mortgagee had by his own act so dealt with the property that it could not be restored; in which case a personal judgment might be directed against him for the difference between the amount due and its value.

Appropriate facts were alleged in the complaint entitling plaintiff to redeem, but the facts proved did not sustain the allegations of the complaint, nor do I think they justified a judgment entitling plaintiff to redeem, much less a personal judgment against the brewing com-

pany. The hotel company, as we have already seen, was indebted to the brewing company in upwards of $6,300. In addition to this, the brewing company had become obligated to pay, in case the hotel company did not, rent aggregating upwards of $30,000. The hotel company abandoned the premises. The brewing company thereupon did the only thing which it could do—took possession and sold the property—and if it be assured that the sale was voidable, either by reason of the manner in which it was made, or the inadequacy of the consideration paid, it does not appear to have injured the plaintiff, because in that event the brewing company must be treated as a mortgagee in possession, and as such obligated to turn over to the hotel company or its creditors the property purchased, including the lease which it subsequently took, on being paid the amount due it from the hotel company at the time the sale was made, and, in addition, on being indemnified against the amount which it had obligated itself to pay under the lease. The fact that it has sold the property to the defendant Luhring is of no importance, because its indebtedness has been reduced by such sale $3,000, and it holds a mortgage for $5,000—the balance of the purchase price—which is largely in excess of the plaintiff's claim; in other words, it is in precisely the position it was at the time the hotel company abandoned the premises, except its claim has been reduced $3,000, and to secure the balance it holds a $5,000 mortgage upon the same property that was covered by the former mortgage for that amount, and holds the lease, instead of a mortgage upon it.

The plaintiff, therefore, if entitled to any relief, can only be given it by taking the place of the brewing company, and this can only be done by her paying the amount of its mortgage and indemnifying it against the liability which it has assumed under the lease.

If the foregoing views be correct, then it follows the judgment appealed from must be reversed, and a new trial ordered, with costs to appellant to abide event.

INGRAHAM, J., concurs. CLARKE and HOUGHTON, JJ., concur in result. O'BRIEN, P. J., dissents.