JULIAN *et al.* v. YEOMAN.

No. 329.   Opinion Filed January 11, 1910.

(106 Pac. 956.)

1.   PARTITION—Personal Property of Co-Tenants—Jurisdiction of Equity. A court of equity has jurisdiction to decree partition of personal property where the same is held by co-tenants.

2.   PARTITION—Personal Property—Right of Tenant to Partition. A co-tenant of personal property has a right to have the same partitioned, and the exercise of this right is not subject to the control of another co-tenant.

3.   TENANCY IN COMMON — Mortgage of Undivided Interest— Right of Co-Tenant to Attack Sale. In a case where a mortgagee forecloses a chattel mortgage given on an undivided interest in certain personal property, the interest of a co-tenant as such only will not give him a standing to attack the validity of the sale of the property mortgaged on foreclosure of the said chattel mortgage, where such sale is acquiesced in by the mortgagor.

(Syllabus by the Court.)

*Error from District Court, Comanche County; J. T. Johnson, Trial Judge.*

Action by J. W. Yeoman against H. E. Julian and others. Judgment for plaintiff, and defendants bring error. Affirmed.

*Stevens & Myers* and *James F. Steck,* for plaintiffs in error. *O. H. Travers,* for defendant in error.—Citing: 21 A. & E. Enc. L. 1145, 6; 17 A. & E. Enc. L. 662, 670, 699, 700; *Southworth v. Smith,* 27 Conn. 365; *Smith v. Dunn,* 27 Ala. 316; *Weeks v. Weeks,* 47 Am. Dec. 358; Freeman on Co-Tenancy and Partition, sec. 448; *Godfrey v. White,* 60 Mich. 443.

DUNN, J.   This action comes to this court from a judgment of the district court of Comanche county.   Two propositions are presented and relied on by plaintiffs in error for a reversal:· First, it is contended that the court was without authority to decree a partition of the property involved, which was personalty and held in common by the defendant in error Yeoman, who was plaintiff in the court below, and the defendants Julian, Cook, and Cassin, who appear in this court as plaintiffs in error; and, second, that the plaintiff Yeoman was without sufficient title to sustain an action of partition.   We shall discuss these propositions in the order stated.

Assuming, for the purpose of consideration only, that the plaintiff had title to an interest in the property, we think there can be no doubt about his absolute right to present to the court his petition for a partition thereof, or of the jurisdiction of the court to entertain it.   The property involved was a set of abstract books, and it is not claimed that they were severable and capable of being divided among the parties who were co-tenants thereof.   From the evidence in the case it is clear that the owners of the books were unable to agree upon a common possession and enjoyment thereof.   As two or more persons cannot at the same time well use or have the actual complete possession of the same piece of personal property, and as each under the law is entitled to the exclusive enjoyment and possession of all, and none can exhibit any claim paramount to that of his associates, courts of law are without jurisdiction to award replevin or detinue to enable one of the co-owners to take it from the possession of any other.   Freeman on Co-Tenancy and Partition, § 245; *Smith & Co. v. Rice,* 56 Ala. 417; *Frans v. Young et al.,* 24 Iowa, 375; *Smith v. Dunn,* 27 Ala. 315; *Southworth v. Smith,* 27 Conn. 365, 71 Am. Dec. 72; *Young v. Adams,* 14 B. Mon. (Ky.) 127, 58 Am. Dec. 654.   The legal remedy against a co-tenant of personal property seems to be limited to those cases only where it is converted or destroyed, and then the other is entitled to maintain trover for his interest.   *Smith & Co. v. Rice, supra.*   Yet the title

to an undivided portion of a piece of personalty is just as complete in the party who holds it so far as his portion is concerned as if he owned the entire chattel.. He may sell it, pledge it, mortgage it, devise it, or deal with it as with any other property which he may possess. Jones on Chattel Mortgages (5th Ed.) § 47; *Denison v. Sawyer et al.,* 95 Minn. 417, 104 N. W. 305; *Frans v. Young et al.,* supra.

From the foregoing it is readily seen that it necessarily follows, so far as the legal remedy is concerned, a party may be entirely denied any and all benefit of the interest which he may have in personalty if his co-tenant secures and holds the exclusive possession thereof. It follows, therefore, from the necessity of the case that his relief must be in equity, and this relief is granted by the courts under and through a suit in partition. Referring to such cases Mr. Freeman in his work on Co-Tenancy and Partition, at section 426, says:

"A court of equity is competent to give relief in such cases, by decreeing a partition of the property, or a sale thereof where such partition is impracticable, and a division of the proceeds. The powers of a court of equity were conferred and exist to meet just such cases, where no adequate remedy exists at law."

See, also, *Smith v. Dunn, supra; Godfrey v. White,* 60 Mich. 443, 27 N. W. 593, 1 Am. St. Rep. 537. And this right is one that is absolute, and is not subject to question by plaintiff's co-tenant (21 Am. & Eng. Ency. of Law, p. 1146; *Tripp v. Riley et al.,* 15 Barb. [N. Y.] 333), and is not affected by the fact that complainant's title may be denied by defendant (*Godfrey v. White, supra;* Freeman on Co-Tenancy and Partition, § 448). It is therefore seen that the court had jurisdiction to entertain the action of partition brought by plaintiff.

Nor do we regard the second proposition presented to be more difficult of solution than the one just considered. Plaintiff had a mortgage upon an undivided interest in this property. He brought foreclosure proceedings and sold the same thereunder. The mortgagor made no appearance and no objection, and is not now entering any protest as to the regularity of the foreclosure of the mortgage or the validity of the sale of the property there-

under.　The defendants in this case were strangers to that transaction; their interests were not involved, and if plaintiff was both seller and purchaser, and the property sold was not present at the sale, if the mortgagor of the property was satisfied to so have it, these parties have no such interest as will entitle them to be heard.　The sale might have been voidable as to the mortgagor or others with an interest, but the defendants, whose relationship was that of co-tenants merely, had not by virtue of that relationship alone such an interest as would entitle them to question the sale.　Jones on Chattel Mortgages (5th Ed. § 814; 2 Cobbey on Chattel Mortgages, § 1028; *Cartier v. Pabst Brewing Co. et al.*, 112 App. Div. 419, 98 N. Y. Supp. 516; *Gaar, Scott & Co. et al. v. Hurd*, 92 Ill. 315; *People v. Wiltshire et al.*, 9 Ill. App. 374; *Dirks v. Humbird*, 54 Md. 399; *Broughton v. Atchison*, 52 Ala. 62; *Alcott v Tioga Ry. Co.*, 27 N. Y. 546, 84 Am. Dec. 298. Nor would the lease taken subsequent to and subject to the mortgage change this rule.

The foregoing questions are the only ones raised relied upon and argued in the brief of counsel for plaintiff in error.　We have, however, carefully examined the entire case as presented by the briefs of the parties, and are satisfied that substantial justice was done on the trial, and that the decree of partition rendered was without error.

The judgment of the trial court is accordingly affirmed.

All the Justices concur.