Riley v. Whittier.

LORRIN J. RILEY, APPELLEE AND CROSS-APPELLANT V. WILLIAM E. WHITTIER, APPELLANT AND CROSS-APPELLEE.

FILED JUNE 23, 1916. No. 18934.

1. **Partition: PERSONAL PROPERTY.** A court of equity has jurisdiction to decree partition or, if necessary, a sale of personal property owned in unequal shares by two parties each of whom has a right of possession.

2. **Evidence** examined, and *held* sufficient to sustain a suit for an accounting and for the partition of personal property.

APPEAL from the district court for Dawson county: HANSON M. GRIMES, JUDGE. *Affirmed as modified.*

*George C. Gillan* and *T. E. Munson,* for appellant.

*E. A. Cook* and *Hoagland & Hoagland, contra.*

FAWCETT, J.

From a decree of the district court for Dawson county, ordering a partition of the stock and fixtures of a hardware and implement business, in the city of Gothenburg, and stating an account of the interests of the parties therein, defendant appeals, and plaintiff presents a cross-appeal.

February 25, 1913, plaintiff and defendant entered into a contract whereby plaintiff sold to defendant a tract of land in Phillips county, Colorado, the consideration being $6,250 and the assumption by defendant of a mortgage of $3,750. The consideration of $6,250 was to be paid by the transfer to plaintiff of defendant's stock of hardware and implements at Gothenburg. It was known at the time that the stock would invoice more than $6,250, and it was provided that defendant should retain possession of the stock until it was reduced to $6,250. Plaintiff was to conduct the business. Actual expenses were to be paid out of the receipts, but were not to be charged against defendant's share of the stock. It was also agreed that plaintiff should pay rent upon the building occupied by the

stock from April 1, 1913. The stock was not reduced by May 10, 1913, as provided in the original agreement, and the time was extended to May 17, 1913. The stock not having been sufficiently reduced by that time, a controversy between the parties arose, and each attempted to lock the other out of the building. Plaintiff gained possession of the building, and on August 28, 1913, was ousted by injunction, which was subsequently set aside and plaintiff restored to possession. September 8, 1913, defendant obtained exclusive possession in an action of replevin and has since retained such possession. That action was appealed to this court, and, at the present sitting, the judgment was reversed and the action dismissed. *Whittier v. Riley, ante,* p. 104. June 18, 1914, plaintiff commenced this suit. The petition alleges the facts above narrated, sets out the contract, and prays the .court to adjust the equities between the parties and partition the property. The trial court made findings as to the interest of each party, prescribed several methods by which the parties might adjust the matter between themselves, and decreed that, in the event of their failure to adopt any of such methods, J. M. Alexander, as referee, should make a division of the stock in accordance with the findings of the court.

The principal contention of defendant is that the petition does not state a ·cause of action. The argument is that the contract entered into February 25, 1913, constituted a' chattel mortgage and not a partnership, and that partition of the personal property could not be had. From an inspection of the contract and a consideration of the object sought, it is evident that the parties did not intend to enter into the relationship of mortgagor and mortgagee. It is not now necessary to decide what is the correct name for the situation created by the contract. The relation is rather one of a common ownership, in disproportionate shares, of a mass of unlike and unequal property, each party having a right of possession of the whole. The stock originally invoiced $15,169.90; $11,479.89 at the commence-

ment of the replevin action, and $10,112.27 when the present suit was instituted. Joint possession as contemplated by the contract had proved unsatisfactory. Neither party was entitled to the exclusive possession of the property. Under these circumstances partition is a proper remedy. In *Pickering v. Moore,* 67 N. H. 533, 31 L. R. A. 698, it is said: "A tenant in common of personal as well as real property has a right to partition if partition is possible, and, if not, to a regulation of its use equivalent to partition or to a sale. Coke Lit. secs. 164*b*, 165*a*; *Stoughton v. Leigh,* 1 Taunt. (Eng.) 402, 411, 412; *Morrill v. Morrill,* 5 N. H. 134, 135; *Crowell v. Woodbury,* 52 N. H. 613. On partition he is entitled to no particular part of the property, but only to his due proportion in value and quality of the whole. When it consists of chattels differing in quality and value, an appraisal of the value and a consideration of the qualities of the several chattels are essential to an assignment to each of his just share. In this case, as in that of a single indivisible chattel, if the parties cannot agree upon the use, sale, or division, judicial intervention is necessary. Until an adjudication of their rights, neither can assert a title in severalty to any portion of the property." This is the general rule. *Smith v. Dunn,* 27 Ala. 315; *Godfrey v. White,* 60 Mich. 443; *Tinney v. Stebbins,* 28 Barb. (N. Y.) 290; *Neal v. Suber,* 56 S. Car. 298; 6 Pomeroy, Equity Jurisprudence, sec. 705; Freeman, Cotenancy and Partition (2d ed.) sec. 426.

*Barr v. Lamaster,* 48 Neb. 114, and *Phillips v. Dorris,* 56 Neb. 293, relied upon by defendant, relate to partition of real estate, and do not hold that a court of equity cannot, under any circumstances, decree partition of personal property.

Upon the cross-appeal plaintiff contends that the trial court erroneously charged plaintiff with items and credited defendant with other items. A review of the interests of the parties will be less complicated by a consideration of the matter from defendant's standpoint. In the first invoice in March, 1913, the fixtures and stock were appraised

at $15,169.90. The contract provided that defendant was
to keep and retain possession of the stock until enough was
sold to reduce the value of the remainder to $6,250. Ex-
penses were to be borne by plaintiff, and the business was
to be conducted by him. It was further provided that
defendant should "receive the difference between the in-
voice price of the said stock and fixtures and $6,250."
A fair construction of the contract is that defendant
should receive the difference between the invoice value,
$15,169.90, and $6,250, or $8,919.90. In order to reduce
the stock, auction sales were first held, but this practice
was abandoned. It was necessary to purchase some ad-
ditional stock to keep the trade. Most of the running ex-
penses were paid out of the proceeds. Defendant, to Sep-
tember 8, 1913, the date of the commencement of the re-
plevin action, had received $2,704.01 out of the proceeds of
sales. He had, however, out of his own money, paid obli-
gations of plaintiff aggregating $864.03, viz.: Judgments
for goods furnished while the business was conducted in
plaintiff's name, $150.19; interest on the Colorado mort-
gage and delinquent taxes on the land, $160.59; taxes on
the stock of goods, plaintiff's share, $68.25; rent owing to
defendant for five months, $485. He is entitled to deduct
this sum from the amount received, leaving $1,839.98, as
the net sum received by him. His share of the stock, at
the commencement of the replevin action, was therefore
$7,079.92. Other items of credit claimed by defendant are
disallowed, since the payments were made out of the pro-
ceeds of goods sold, and not from the net proceeds with
which he is charged. Costs of the replevin action are not
allowed in this suit, but will follow the judgment in that
action. At the commencement of the replevin action the
stock invoiced $11,479.89. Defendant's share was $7,079.-
92. Plaintiff's share was $4.399.97, less $855.61, indebted-
ness for goods purchased by him, making his net share
$3,544.36. The book accounts outstanding at the com-
mencement of the replevin action belonged to plaintiff, in
addition to his share in the stock. The amount of this

item seems to have been $1,500, but it is not clear that all the accounts accrued after he took charge of the business in March, 1913, nor what part of the accounts he has collected. This item must therefore be left for ascertainment by the district court. At the commencement of the replevin action the stock was invoiced and was delivered to defendant and has been in his charge since that time. The invoice September 8, 1913, when defendant took charge, was $11,479.89. At the commencement of the present suit the invoice was $10,112.27. Unpaid accounts for goods purchased since March, 1913, amounted to $1,009.35. At the commencement of this suit the net assets were $9,102.-92. Plaintiff's interest was $3,544.36. Defendant's interest was $5,558.56. The difference between the net assets when defendant took charge September 8, 1913, and June 18, 1914, the date of the commencement of this suit, was $1,-521.36. Defendant had charge of the property, conducted the business, and collected the proceeds of sales. The decrease in the net assets should be charged against him and not against plaintiff. The decrease of $1,521.36 deducted from $7,079.92, his interest September 8, 1913, leaves $5,-558.56, due him, and $3,544.36, due plaintiff at the commencement of this suit.

Plaintiff complains because the trial court taxed the costs of the receivership proceedings against him. The receiver was appointed on his application, but was later discharged because he failed to furnish bond. The costs were properly taxed against him.

Both parties are to blame for the situation in which they now find themselves. We are unable to say which is the more in fault. That they cannot carry out their contract of February 25, 1913, is clear. It is therefore the duty of the court to settle the controversy. We concur in the holding of the district court that this is a proper case for partition, but the decree is modified in the following particulars:

The interest of plaintiff in the property in controversy, at the time of the commencement of this suit, is found to

be $3,544.36, and the interest of defendant on that date $5,558.56. It is ordered and adjudged that, within 30 days from and after the filing of the mandate of this court in the district court, defendant pay to plaintiff the amount of plaintiff's interest as herein found, viz., the sum of $3,544.-36, with interest at the rate of 7 per cent. per annum from the date of the commencement of this suit; that upon such payment being made defendant's ownership and possession of the entire stock and fixtures shall stand quieted and confirmed in him, and all rights of plaintiff to the use of said building shall thereupon become and be terminated; that defendant shall pay all outstanding indebtedness for goods purchased, and shall also account to plaintiff for the book accounts outstanding at the time of the commencement of the replevin action; that, in the event of defendant's failure to make such payment to plaintiff within said time, the referee, appointed by the decree of the district court, shall take possession of said building, stock, and fixtures, and proceed to sell first the stock, and, if necessary, next the fixtures, under the direction of and in the manner which may be ordered by the district court, and apply the net proceeds arising from such sale to the payment to plaintiff of the said sum of $3,544.36, with interest at 7 per cent. from the date of the commencement of this suit to the dates of the payment by such receiver of any amounts paid to plaintiff hereunder; that, when the full sum of $3,544.36, with interest, shall have been paid to plaintiff, the residue and remainder of such stock, fixtures, and book accounts, after accounting to plaintiff for the book accounts outstanding at the commencement of the replevin action, shall be delivered to defendant and the receiver discharged. It is further ordered that all costs in this proceeding, except those taxed to plaintiff, as hereinbefore approved, shall be divided equally between the parties hereto, and be so taxed.

As herein modified, the judgment of the district court is affirmed.

AFFIRMED AS MODIFIED.

MORRISSEY, C. J., and SEDGWICK, J., not sitting.