### John Dain *versus* Turner Cowing.

One tenant in common of a chattel cannot maintain trover against his original co-tenant, while he remains in possession of the property; nor can he maintain such action against the vendee of the original co-tenant, so long as he continues in possession of the property, although claiming it as sole owner.

Trover for a horse. At the trial, before Whitman C. J. it appeared, that one Wilson was the owner of a patent right in a thrashing machine; that he and the plaintiff agreed to go together to New York to dispose of rights in the machine there; that the plaintiff should find money and assist Wilson, and have one half of the proceeds of all sales they could make there; that they went to New York together and received the horse in question in payment of rights sold in the

machine, and brought him home with them to the State of Maine in 1836; that by an agreement between them, Wilson took the horse home with him to Berlin; that in the summer of 1838 Wilson went away, leaving the horse with one Edgcomb; that the horse afterwards, but in what manner does not distinctly appear, came into the hands of Cowing, the defendant; and that he was in the open possession of the horse for a long time, claiming him as his own. The plaintiff called one Andrews, who testified that in 1841, shortly before this suit was commenced, he heard a conversation between the plaintiff and defendant, in which the former told the latter that he should sue for the horse, to which the defendant replied, that he might sue, for he had bought the horse and paid for him, and that the plaintiff demanded the horse. On cross-examination the same witness testified, that the plaintiff told him, that he and Wilson were in partnership at the time they bought the horse, and bought him in partnership, and paid for him in a machine or something of the kind, and that Cowing bought the horse of Wilson; but that the defendant had told him, that he bought the horse of Kempton. The defendant had not introduced any evidence, when the presiding Judge, considering that the plaintiff had not made out a case entitling him to recover, ordered a nonsuit, which was to be taken off, if the action could be maintained.

*F. O. J. Smith* argued for the plaintiff, and cited and relied on *Weld* v. *Oliver*, 21 Pick. 564; and also cited 3 Johns. R. 175; 10 Johns. R. 172.

*Codman & Fox* argued for the defendant, citing 2 Johns. R. 469; *Weld* v. *Oliver*, 21 Pick. 564, cited for plaintiff; and, as identical with the present case, *Gilbert* v. *Dickenson*, 7 Wend. 449.

The opinion of the Court was drawn up by

WHITMAN C. J. — The plaintiff contends that a nonsuit should not have been ordered, insisting that his evidence tended to establish a matter of fact, upon which the jury should have been allowed to decide. It has, however, been repeatedly

held in this State, that if the matter offered in evidence by a plaintiff is not, when taken to be true, sufficient to sustain his case, a nonsuit may be ordered. In this case the plaintiff may be considered as having proved, that he was, at the time of instituting his suit, the owner, as tenant in common, of one half of the horse in question, with the defendant; and that the defendant then had him in possession, denying any right of the plaintiff to any portion of him; and alleging that he had bought him of a third person. The Judge, at the trial, was of opinion that, in such case, trover would not lie, and ordered a nonsuit.

It will not be questioned, that one tenant in common cannot maintain trover against his original co-tenant, while he remains in possession of the property. It is equally well established, if one co-tenant has possession of the common property, and sells the whole of it as his, that his co-tenant may maintain trover against him for his half of the value. But no decision has gone so far as to authorize the maintaining of an action of that kind against a vendee of the original co-tenant remaining in possession of the article; or against any one in possession of the property by virtue of a sale under him; any one, being in possession of the property under such sale, being deemed a co-tenant with any other rightful owner of any portion thereof. But every successive sale of such co-tenants may amount to a conversion, so that trover might be maintained against each until satisfaction were obtained of some one of them. In the case of *Weld* v. *Oliver*, cited and confidently relied upon by the counsel for the plaintiff, the defendant was the vendee of the original co-tenant, and had sold the property to a second vendee. In the case of *Gilbert* v. *Dickerson*, cited for the defendant, it was expressly decided that trover would not lie against the vendee of the original co-tenant, so long as he continued in possession of the property, although claiming it as sole owner.

It does not appear, that any question was made at the trial, as to the derivation of title by the defendant under Wilson, the original co-tenant with the plaintiff. Wilson went off leaving the horse in the custody of one Edgcomb, and, after-

wards, Edgcomb went off leaving him in the custody of one Kempton, of whom the defendant alleged he had bought him. These facts were derived from the plaintiff's witnesses at the trial; one of whom stated that the plaintiff said the defendant bought the horse of Wilson. And in the argument of the plaintiff's counsel, no notice was taken of any want of regularity in the derivation of title by the defendant from Wilson. We therefore consider the defendant as properly a co-tenant with the plaintiff; and the action therefore not sustainable.

> *Exceptions overruled, and judgment*
> *on the nonsuit affirmed.*