## Conover v. Earl.

1. **Tenancy in common: OF A CHOSE IN ACTION: TROVER.** The owner of a promissory note may sell distinct shares thereof to different persons, who thus become co-owners. The interest thus acquired by one co-owner is such as to enable him to protect it by an action; and he may maintain trover if another co-owner be guilty of conversion.

2. —— **OF CHATTELS: CONVERSION.** One part owner of a chattel is as much entitled to the possession thereof as the other, and the refusal of one to deliver possession of the chattel to the other, does not amount to a conversion. Following *Franz* v. *Young*, 24 Iowa, 375.

3. —— **REMEDY.** It seems that a co-owner of a promissory note might maintain an action for partition, or in equity, making the other part owners and the debtor parties.

*Appeal from Allamakee District Court.*

Friday, December 11.

Personalty: tenants in common: conversion, etc.—— This is an action in the nature of trover by one joint tenant in personal property against a co-tenant.

One Sackett was the owner of a promissory note, secured by mortgage, made by one W. C. Earl (son of the defendant) and one Augustine Hersey. Being the owner of this

note, Sackett ˙ sold and assigned by piecemeal (so the petition alleges), to four persons, distinct portions thereof. One McCoy became possessed of one of these shares, and his right was afterward assigned to the plaintiffs in this action.

It is alleged in the petition that the defendant became the purchaser of one of the shares in the note and mortgage, and " obtained possession of the same, and *converted* the said note to his own use, and canceled, destroyed and surrendered to the maker the said mortgage, and released the same, to the damage," etc.

Answer, first, in denial; second, alleging that the defendant did not surrender the note to the makers, or either of them, or cancel the mortgage, but still holds the same for benefit of the different owners thereof.

On the trial " the court found the following facts to be established by the testimony: first, that the said plaintiffs are the owners of an interest in the note in question, as alleged in their petition; second, that, being such owners, the plaintiffs, through their attorney, demanded of the defendant, the note in question, which defendant refused to deliver to the plaintiffs; third, that, prior to such demand, the said note had come into possession of defendant; fourth, that, at the time said note came into defendant's possession, and at the time said demand was made, the defendant was the owner of an interest or share in said note, which was then and still is unpaid; fifth, that said note has not been delivered up by the defendant to the makers thereof; sixth, that said defendant, at the time plaintiffs demanded said note, stated falsely, that he had given up the note to the maker, W. C. Earl, and that the mortgage given to secure the same had been canceled."

Thereupon the court rendered judgment for the plaintiffs for the sum of $160.61, the amount of plaintiffs'

alleged interest in said note, and costs of suit taxed at $6.75.

To which decision and judgment, the defendant, by his counsel, then and there excepted.

Defendant appeals.

*Hatch & Granger*, for the appellant. ·

*Richard Wilbur*, for the appellees.

DILLON, Ch. J. — I. Appellant makes a point which if well taken would be decisive against the plaintiff. It is

1. TENANCY IN COMMON: of chose in action: trover. this: a promissory note cannot legally be assigned by piecemeal to different persons. Hence the plaintiff's assignor, McCoy, acquired nothing by the assignment of a portion (the one-fourth part) of the note to him; and, acquiring nothing, at least at law, it is impossible that the defendant could be liable at law for a conversion. This is a mistake. It may be true that a note connot be parceled out by the holder, so as to render the maker liable to distinct actions by the different assignees. The principle here referred to has no application to this case. The owner of a note may sell distinct shares thereof to different persons, who thus become co-owners; and the interest thus acquired by one co-owner is such as to enable him to protect it by an action; and he may maintain trover if a co-owner be guilty of a conversion.

II. One part owner of a chattel is as much entitled to the possession thereof, as the other. The defendant, as

2. —— of chattels: conversion. co-owner with the plaintiff, being in possession, was not bound to comply with the demand of the latter to deliver him the note. His refusal to do so is no conversion. *Frans* v. *Young & Sewell*, 24 Iowa, 375, and authorities there cited. The judgment in the plaintiff's favor must be reversed, upon

Tisdale v. Connecticut Mutual Life Ins. Co.

the ground that neither the evidence nor the findings of fact establish the gravamen of the plaintiff's action, viz., a conversion of the note by the defendant.

The sixth finding of the court does not show a conversion of the note. The false statements therein referred to, are shown by the evidence to have been made to the plaintiff's attorney, who was not misled thereby; and by the evidence it further appears, that the defendant had not surrendered the note and canceled the mortgage.

On the case made in the record, the plaintiff's remedy is not by an action for conversion, but for partition of the 3. —— remedy. chattel, or in equity, making the other part owners, and the debtor parties.

Reversed.