Hughes *et al.* *v.* Hughes.

Filed Nov. 26, 1894.

---

No. 17,092.

HUGHES ET AL. *v.* HUGHES.

EVIDENCE.—*When not in Record.—Reporter's Longhand Manuscript.—Filing.—Bill of Exceptions.*—Where it appears from the clerk's certificate that the reporter's longhand manuscript is included in the transcript, but that it was not filed, and was not included in a bill of exceptions, the evidence is not in the record.

From the Clinton Circuit Court.

*J. W. Cooper* and *J. C. Suit*, for appellants.
*M. A. Morrison*, for appellee.

DAILEY, J.—The appellee, William T. Hughes, petitioned the Clinton Circuit Court for the establishment and construction of a public ditch. The petition therefor is in proper form, and shows the petitioner to be the owner of certain lands therein described, and the defendants to said proceeding to be the owners of certain other specified lands, which, it is claimed, would be beneficially affected by locating and constructing the ditch prayed for upon a route designated in said petition.

Upon the filing of the report of the commissioners of drainage, the appellants and others remonstrated. This

report was then withdrawn and leave was granted to file a new report.

At a subsequent term of court a second report was filed, to which the appellants remonstrated. Thereupon a trial was had, resulting in a finding for the appellee. The court then ordered the drainage prayed for, and approved the assessments made therefor.

The appellants moved for a new trial, which was over-ruled and exceptions thereto duly taken, after which an appeal was prayed and granted.

There are two assignments of error, but as the appellants have failed to argue the first specification, it is thereby waived.

The second specification is that "the court erred in overruling appellants' motion for a new trial."

The argument of counsel in support of this contention is based upon certain evidence claimed to have been introduced on the trial. But the evidence is not in the record. By reference to the clerk's certificate, it appears that the longhand manuscript filed by the official reporter of the court, is included in the transcript. It is well settled, however, that the evidence can be brought into the record only by bill of exceptions, and the filing of the longhand manuscript by the reporter is insufficient. The clerk's certificate in the cause is dated August 25, 1893.

On September 2d, following that date, the transcript, as an entirety, was presented to the court, and certified by it as being correct.

The judge's certificate is not in the transcript at all, but follows the clerk's certificate thereto, and is therefore outside of the record. It is the proper practice to have the clerk certify that the record is correctly presented by the transcript, but here the court makes that certificate. If it was intended to have the court's signature to the

portion including the evidence, it would have been necessary to get it before the transcript was made, and file the bill so signed as a paper in the cause. Until this is done, it is not a part of the record, and the evidence is not in the record.

The date of the judge's signature shows that he did not append his name to anything until after the transcript was made and signed by the clerk, and that it can not include a bill of exceptions containing the evidence. It brings to light clearly the fact that no such bill, even if signed, was ever filed, and until that time it is no part of the record.

Indeed, the clerk does not state that the bill was ever filed, and, aside from this, the place of the judge's signature does not indicate that it was intended to be attached to, or connected with, any bill of exceptions.

There are other complaints made concerning the proceedings of the trial court, but owing to the state of the record, they are not available, and we need give them no attention.

The judgment is affirmed, with costs.

