No. 1,615.

## JAMISON ET AL. *v.* THE STATE OF INDIANA, ON THE RELATION OF CHARLES C. EBERSOLE ET AL.

RECORD.—*Clerk's Certificate, What Includes.—Papers Filed After Date of Certificate.*—The certificate of the clerk as to the correctness of the record does not include anything filed after the date of the certificate.

SAME.—*Bill of Exceptions.—Filing.*—If the record fail to show that the bill of exceptions was filed in the clerk's office after it was signed by the judge, it is not properly in the record.

From the Huntington Circuit Court.

*Spencer & Branyan* and *Branyan & Branyan,* for appellants.

*H. B. Sayler, S. M. Sayler* and *J. M. Sayler,* for appellees.

Ross, J.—This was an action brought in the name of the State of Indiana on the relation of Charles C. Ebersole, Mary L. Ebersole and Raphael E. Ebersole against Richard W. Jamison, George W. Hamilton and Theodore H. Pickle, on a bond given by said Jamison as administrator of the estate of Mary Ebersole, deceased, to recover a balance alleged to be in his hands as such administrator and for which he had not accounted.

The questions presented on this appeal arise on the ruling of the court in overruling the appellants' motions

for a new trial.    To decide the questions urged, requires us to examine and consider the evidence given on the trial of the cause.    This we cannot do unless the evidence is properly in the record.

The evidence in this case is not properly in the record. In the first place the certificate of the clerk, attached to the record and which bears date August 10, 1894, certifies to the correctness of all papers filed and proceedings had in the cause prior to that time, but it can be no authentication of the correctness of papers filed or proceedings had subsequent to that time.    That which is attached to the record and purports to be a bill of exceptions was not signed by the court until September 17, 1894, more than thirty days after the record was certified to by the clerk.    Again, the record fails to show that the bill of exceptions was filed in the clerk's office after it was signed by the judge.

The statute, section 629, R. S. 1881 (section 641, R. S. 1894) provides that "when the record does not otherwise show the decision or grounds of objection thereto, the party objecting must, within such time as may be allowed, present to the judge a proper bill of exceptions, which, if true, he shall promptly sign and cause it to be filed in the cause; if not true, the judge shall correct, sign, and cause it to be filed without delay.·    When so filed, it shall be a part of the record."

If the long-hand manuscript has been filed within the time allowed by the court, then embodied into a proper bill of exceptions and tendered to the court for approval and signature within such time allowed, the delay of the court in signing and filing shall not deprive the party presenting it of the benefit thereof.    Section 629, *supra.* But it must be filed with the clerk after it has been signed by the court in order to become a part of the record.

"Until filed it is no part of the record and unless the filing is affirmatively shown by the proper record there is no evidence of the fact upon which the appellate tribunal can act." *Hormann* v. *Hartmetz*, 128 Ind. 353.

In Elliott App. Proced., section 805, it is said: "A bill of exceptions, although signed, is not part of the record until it is filed."

The evidence not being in the record the judgment will have to be affirmed.

Filed June 13, 1895; petition for rehearing overruled October 10, 1895.