Robinson *v.* Dickey.

17,715.

## ROBINSON *v.* DICKEY.

APPELLATE PROCEDURE.—*Overruling Demurrer to Paragraph of Complaint.*—*Finding and Judgment on Another Paragraph.*—The overruling of a demurrer to a paragraph of a complaint will not be reviewed on appeal, where it is admitted that the case was tried and finding made and judgment for plaintiff rendered on another paragraph.

SAME.—*Sufficiency of Evidence.*—*Bill of Exceptions.*—*Filing.*—The sufficiency of the evidence to sustain the judgment cannot be considered where nothing in the record shows that the bill of exceptions was filed in the office of the clerk after it was signed or that it contains all the evidence.

BILL OF EXCEPTIONS.—*Signature of Judge.*—*Filing.*—*Record.*—A bill of exceptions to become a part of the record, under section 641, R. S. 1894, must be first signed by the judge and then filed with the clerk.

PARTITION.—*Personalty, Stock of Merchandise.*—*Equity.*—*Tenants in Common.*—An action in equity will lie for the partition of a stock of merchandise purchased under an agreement that it should be divided equally between the purchasers, in favor of one purchaser against the other, who is in exclusive possession, even if he denies the former's title.

REPLEVIN.— *Co-Tenants.* — *Trover.* —*Title.* — Neither replevin nor trover will lie in favor of one co-tenant of personalty against the other who is in exclusive possession thereof, but who does not deny the title of the former.   (See note at end of opinion.)

From the White Circuit Court.

*A. W. Reynolds* and *A. K. Sills,* for appellant.

*Sellers & Uhl,* for appellee.

MONKS, J.—This was a suit by appellee against appellant for partition of personal property.   A receiver was appointed to take charge of the property on application of appellee.   The complaint was in three paragraphs.   A demurrer was sustained to the first and

overruled to the second and third paragraphs.   Appellant filed an answer in general denial.   There was a trial by the court and finding for appellee, and that said personal property was indivisible, and over a motion for a new trial judgment was rendered in favor of appellee, and that said personal property be sold by the receiver and the proceeds divided, etc.

The errors assigned call in question the action of the court in overruling the demurrer to the second and third paragraphs of complaint and in overruling the motion for a new trial.   It is admitted by the parties that the case was tried, and finding made, and judgment rendered, on the second paragraph of complaint.   It is therefore not necessary for us to consider the sufficiency of the third paragraph of complaint, for the reason that if the court erred in overruling the demurrer thereto such action of the court was harmless.

The material allegations of the second paragraph of complaint are that on the 2d day of January, 1895, the plaintiff and defendant entered into an agreement for the purchase and sale by them of the following described real estate in Jasper county, in the State of Indiana, to-wit: The south half and the west half of the northwest quarter of section 14, and the north three-fourths of section 23, all in township 31, range 6, and in such undertaking it was mutually agreed and promised by and between them that whatever should be realized on the sale thereof by them, over and above the cost of said land and the expenses of said purchase and sale, should be equally divided between them; that in pursuance of said agreement they did purchase said lands for $7,040.00, and did immediately thereafter, to-wit, on January 15, 1895, make sale of the same and receive and realize therefor over and above the said cost thereof and the expense of said purchase and sale, $800.00

in money and a stock of clothing, gent's furnishing goods and hats and caps of the value of $10,700.00, the same being the stock of merchandise.

And it was agreed by and between them that said money and stock of goods should, on receipt of same by them, be divided; that said stock of merchandise was and is divisible without injury thereto, and each moiety thereof was adequate to stock a retail store, for which purpose plaintiff desired and had prepared to use his half; that the defendant took and retained possession of all thereof and refused, and still refuses, to divide the same, but excluded the plaintiff from the possession and use of his entire share; that plaintiff is entitled to possession thereof and to have said stock of goods divided; that defendant wrongfully and without right is endeavoring to take all of said goods out of the county of White and State of Indiana, and sell and otherwise dispose of the same. Prayer for a division of said stock and the appointment of a receiver.

It is earnestly insisted by appellant that "This paragraph of complaint is insufficient, for the reason that there is no allegation that appellee requested appellant to make distribution or division; that there is no averment that appellee was insolvent; and for the reason that one joint owner of personal property is not liable to be sued by the other for taking possession thereof, unless his dealing with the same is such as amounts to a conversion, and if so appellee has an adequate remedy at law.

The paragraph in question by its allegations shows that appellant and appellee were co-tenants of the stock of merchandise in controversy; that it was agreed between them that the money and stock of goods should, on the receipt of the same by them, be divided between them, and one-half thereof turned over to appellee and

the remainder of the same to appellant; that appellant took and held possession of all of said merchandise and refused to divide the same, or deliver to the appellee his share thereof, or permit him to take the same, but excluded appellee from the possession and use of his entire share of said stock of goods, and denied appellee's right and title to any of said goods.

We think this paragraph of the complaint sufficient to withstand the demurrer. A co-tenant of personal property out of possession has no remedy at law against the tenant in possession, unless his dealing with the same has been such as to amount to a conversion of the property by him.

Each of the co-tenants is equally entitled to the possession of such property, and if the possession of one excludes the other, this does not amount to a conversion. There is no liability at law unless the co-tenant has been guilty of an actual or practical conversion or an actual or practical destruction of the common property. *Mills* v. *Malott*, 43 Ind. 248 (251); *Bowen* v. *Roach*, 78 Ind. 361; *Schenck* v. *Long*, 67 Ind. 579 (581, 582); *Lowman* v. *Sheets*, 124 Ind. 416 (425) (7 L. R. A. 784); *Dain* v. *Cowing*, 22 Me. 347; 39 Am. Dec. 585; *Oviatt* v. *Sage*, 7 Conn. 94; *Frans* v. *Young*, 24 Iowa 376; *Conover* v. *Earl*, 26 Iowa 167; *Russell* v. *Allen*, 13 N. Y. 173; *Tripp* v. *Riley*, 15 Barb. (N. Y.) 333; *Wilson* v. *Reed*, 3 Johns. 175; *Nowlen* v. *Colt*, 6 Hill 461; 41 Am. Dec. 756; *Gilbert* v. *Dickerson*, 7 Wend. 449; 22 Am. Dec. 592; *White* v. *Osborn*, 21 Wend. 72; *Hyde* v. *Stone*, 9 Cow. 230; 18 Am. Dec. 501, and note 503; Freeman Partition, sections 287, 298, 426.

It is well settled by the authorities that equity has exclusive jurisdiction of suits for the partition of personal property, even though the defendant denies plaintiff's title. *Godfrey* v. *White*, 60 Mich. 443; *Marshall*

. v. *Crow's Admr.*, 29 Ala. 278 ; *Smith* v. *Smith*, 4 Rand. (Va.) 95 (102): *Conover* v. *Earl, supra; Tinney* v. *Stebbins*, 28 Barb. (N. Y.) 290 ; *Tripp* v. *Riley*, 15 Barb. (N. Y.) 333 ; *Fobes* v. *Shattuck*, 22 Barb. (N. Y.) 568 ; *Swain* v. *Knapp*, 32 Minn. 429 (431) ; *Crapster* v. *Griffith*, 2 Bland (Md.) 5 ; *Low* v. *Holmes*, 17 N. J. Eq. 148 ; *Spaulding* v. *Warner*, 59 Vt. 646 ; *Irwin* v. *King*, 6 Ired. (N. C.) 219 ; *Weeks* v. *Weeks*, 5 Ired. (N. C.) Eq. 11 ; 47 Am. Dec. 358 ; *Edwards* v. *Bennett*, 10 Ired. (N. C.) 361 ; *Smith, Admr.*, v. *Dunn, Exr.*, 27 Ala. 315 ; Freeman Partition, section 426 ; 17 Am. and Eng. Ency. of Law, 681 ; 5 Wait Actions and Defenses, section 4, page 89 ; 6 Lawson Rem. and Prac., section 2735.

A law writer of eminent ability, speaking of the question under consideration, said that "The necessity of some remedy by which partition of this species of property could be compelled was much greater than in the case of real estate ; for real estate was susceptible of a common possession and enjoyment, and in case of a total exclusion of either co-tenant, he had his remedy at law by an action of ejectment. The entire absence of any remedy at law induced courts of chancery to take jurisdiction of actions for partition of personal property. At what time or under what circumstances this jurisdiction was first assumed we are unable to state ; but that it existed and was exercised by the courts of chancery both in England and in the United States is undisputed." Freeman Cotenancy and Partition, section 426.

In *Tinney* v. *Stebbins*, 28 Barb. (N. Y.) 290, *supra*, the court said : "A court of equity is competent to give relief in such cases, by decreeing a partition of the property, or a sale thereof where partition is impracticable, and a division of the proceeds. The powers of a court

of equity were conferred, and exist, to meet just such cases, where no adequate remedy exists at law."

It follows that the court did not err in overruling the demurrer to the second paragraph of complaint.

It is claimed by appellee that the evidence is not properly in the record, for the reason that no bill of exceptions containing the same. was ever filed in the court below, and that therefore no question is presented by the motion for a new trial.

It is settled law in this State, under section 641, R. S. 1894 (section 629, R. S. 1881), that unless a bill of exceptions is first signed by the judge and then filed with the clerk, it does not become a part of the record. *Ayres* v. *Armstrong*, 142 Ind. 263, and cases cited; *Drake* v. *State* (Ind. Sup.), 41 N. E. 799, and cases cited; *Board, etc.,* v. *Hemphill* (Ind. App.), 41 N. E. 965; *Jamison* v. *State, ex rel.*, 13 Ind. App. 295.

The record in this case shows that what purports to be a bill of exceptions was filed in the office of the clerk July 3, 1895, but was not signed by the judge until July 6, 1895. When it was filed it was not signed by the judge, and was not therefore a bill of exceptions, and did not thereby become a part of the record. *Ayres* v. *Armstrong, supra; Drake* v. *State, supra; Board* v. *Hemphill, supra; Jamison* v. *State, ex rel., supra; Guirl* v. *Gillett*, 124 Ind. 501.

It is clear, therefore, that what purports to be a bill of exceptions is not a part of the record. For this reason no question presented by the motion for a new trial can be considered, as the same depends upon the evidence for its determination.

There is no available error in the record.

Judgment affirmed.

Filed January 7, 1896.

NOTE.—The liability of a tenant in common to an action of trover is the subject of an extensive note to *Waller* v. *Bowling* (N. C.), 12 L. R. A. 261.