HUMBARGER v. CAREY.

[No. 17,518. Filed January 22, 1896. Rehearing denied June 12, 1896.]

APPEAL.—*Record.*—*Bill of Exceptions.*—*Authentication.*—A bill of exceptions is not properly authenticated where a record entry preceding it states that it was signed by the judge on the 12th day of January, one immediately following it states that on such day the bill was presented to the judge for his examination with a prayer that it be signed by him, and a third entry shows that the longhand manuscript was incorporated and the bill signed by the judge nine days later, while the clerk's certificate shows that the manuscript was filed on the 12th day of January, but does not state when the bill was filed.

PRACTICE.—*Depositions Taken During Progress of the Trial.*—*Statute Construed.*—Under sections 426 and 427, Burns' R. S. 1894 (sections 422 and 423, R. S. 1881), the court may during the progress of the trial upon proper affidavits permit a party to take and use on such trial, the deposition of an attorney at law who resides in another state and is in ill-health and unable to attend court.

MISCONDUCT OF COUNSEL.—*Comments on Instructions to Jury.*—*When Not Reversible Error.*—Disparaging references made by plaintiff's attorney to instructions prepared by defendant, and given by the court, will not amount to reversible error where such references did not amount to comments upon the law of the instructions.

From the DeKalb Circuit Court.    *Affirmed.*

*C. A. O. McClellan,* and *D. A. Garwood,* for appellant.

*F. S. Roby,* and *Baxter & Brown,* for appellee.

HOWARD, J.—This was a proceeding brought by a statement made by the appellee, under provisions of section 2715, Burns' R. S. 1894 (section 2545, R. S. 1881), to have the appellant, who is his grandfather, found to be a person of unsound mind and incapable of managing his own estate.

The cause was submitted to a jury, who, after hearing the evidence, the argument of counsel, and the instructions of the court, returned a verdict of unsoundness of mind against the appellant. From the judgment entered upon this verdict this appeal is prosecuted.

It is assigned as error that the court overruled appellant's motion for a new trial.

Counsel for appellee insist that the assignment of error presents no question for our consideration, for the reason that the bill of exceptions, as they say, is not properly authenticated.

There is a record entry, preceding what purports to be a bill of exceptions, to the effect that on the 12th day of January, 1895, the appellant filed his bill of exceptions, containing the longhand manuscript of the evidence. This entry closes with the words: "which bill of exceptions is duly signed by the judge, is filed, and is in these words, to-wit:"

But a record entry immediately following the bill recites that the appellant, "now on the 12th day of January, 1895, presents this, his bill of exceptions, to the Hon. W. L. Penfield, judge of the said court, for his examination, approval, and official signature, and prays the court that the same may be signed, sealed, and made a part of the record." This entry is followed by the signature of the judge.

There is a further record entry, showing that on the 12th day of January, 1895, and within the time allowed to prepare and file a bill of exceptions, the ap-

pellant "presented to the judge of said court the said longhand manuscript, and prayed that the same be incorporated into and made a part of this, his bill of exceptions, and that the said bill be signed and made a part of the record in this cause, which is here now done, on this 21st day of January, 1895." This is also signed by the judge.

Finally follows the clerk's certificate, that "the above and foregoing transcript contains true and complete copies of all the papers and entries in said cause. I further certify that on the 12th day of January, 1895, the official reporter who took down the evidence, filed in my office his longhand manuscript thereof, which is the same manuscript of the evidence incorporated in the bill of exceptions, and made a part of the foregoing transcript.

"In witness whereof, I hereunto set my hand, and affix the seal of said court, at Auburn, this 12th day of January, 1895.          D. D. Moody, Clerk."

The two record entries immediately preceding and following the bill are in conflict. That preceding the bill states that the bill was signed by the judge and filed on the 12th day of January. The entry immediately following the bill states that on January 12, the bill was presented to the judge for his examination, with a prayer that it might be signed by him and made a part of the record.

The third record entry, being the second following the bill, shows that the longhand manuscript was incorporated into the bill of exceptions, and the bill signed by the judge on the 21st day of January.

The clerk's certificate, finally, shows that the longhand manuscript was filed· in his office on the 12th day of January; but does not state when the bill of exceptions was filed. This certificate of the clerk, which is the only one in the record, is dated January

the 12th, nine days before the longhand manuscript was incorporated into the bill of exceptions, and before the bill itself was signed by the judge, as shown by the last record entry signed by the judge.

These entries and certificates, to say the least, leave the record in a state of confusion. The two entries signed by the judge are consistent. The first shows that the bill was presented to him on January 12, 1895, and the second shows that he signed the bill on January 21, 1895. This would seem also to show that the entry preceding the bill, and which states that the bill was signed by the judge and filed on January 12, is erroneous; and that the bill was simply presented to the judge on that day, but not signed until the 21st. The certificate of the clerk, which is dated January 12, was evidently premature, being made before the bill of exceptions was signed by the judge. It will hardly be said that the judge could incorporate the longhand manuscript into the bill of exceptions, and sign and file the latter after the record had been made up and certified to this court by the clerk.

It is apparent that the bill of exceptions is not properly authenticated. No question is, therefore, presented for our consideration on the assignment of error.

The judgment is affirmed.

### ON PETITION FOR REHEARING.

HOWARD, J.—Counsel for appellant complain that the bill of exceptions in this case has been excluded by an observance of mere technicalities. We have, however, simply applied the provisions of the statute to the case. A consideration of the dates of the several entries and certificates relating to the bill, in connection with the requirements of the statute en-

acted on the subject, will make it clear that the holding of the court is not merely technical, but in strict accordance with the requirements of the law. It is certainly but reasonable that those who bring appeals to this court should comply with the provisions of the law and the rules of the court in relation thereto. An orderly administration of justice could be satisfied with nothing less.

Complaint is also made that we did not decide two questions, not dependent for their solution upon the evidence; namely, whether the trial court erred "in ordering the plaintiff to take the deposition of Jack C. Ryan," and whether the court erred in permitting the attorney for the plaintiff, in his address to the jury, to make certain disparaging references as to instructions prepared by the defendant and given by the court.

The motion to take the deposition of Mr. Ryan was supported by affidavits going to show that he was an attorney at law, residing over the line in the State of Ohio, and that he was in ill health and unable to attend court. Counsel for appellant was asked by the court whether he would prefer to take the deposition that afternoon (Saturday), or on the following Monday. Counsel answered that "he did not expect to be present at the taking of the deposition; that it did not make any difference to him whether it was taken that afternoon or the Monday following; that he would not be there anyhow; that the court had no right to order the taking of the deposition, and that it would be void for the reason that the court had no power during the progress of the trial to order the taking of the deposition outside of the State, in a case of this kind."

The statute (section 426, R. S. 1894; section 422, R. S. 1881), provides that "in all actions the court may order the taking of depositions, whenever deemed

necessary to determine the rights of the parties, or to expedite the trial of causes; and may, if necessary for that purpose, order a continuance until next term."

In the succeeding section it is provided that such deposition may be used "where the witness does not reside in the county, or in a county adjoining the one in which the trial is to be held, or is absent from the State;" or when he is "so aged, infirm, or sick, as not to be able to attend the court;" or when he is an "attorney at law, and the trial is to be had in any county in which the deponent does not reside."

There was ample reason, under the statute, for taking and using the deposition objected to. The record also shows that the appellant has no cause to complain that the deposition was not taken at a time when he could attend by counsel. The right to attend at the taking of the deposition was expressly waived in open court.

As to the remaining error complained of, the improper comments made by plaintiff upon defendant's instructions, it may be said that the comments made were improper and should have been reproved by the court on objection made by the defendant. *Board, etc.,* v. *Arnett,* 116 Ind. 438; *Scott* v. *Scott,* 124 Ind. 66, 68. We are inclined to think, however, that no harm was done to defendant by the indiscreet words of counsel. The language used did not amount to comments upon the law of the instructions; for it was not said that they contained any erroneous statements of law. The statute (section 543, R. S. 1894; section 534, R. S. 1881), in civil cases, permits the reading to the jury of instructions which have been prepared by the court before argument, and of the discussion of the evidence in relation to such instructions. No comments, however, should be made upon the law as thus indicated to be given by the court. While, therefore, the lan-

guage complained of, and the refusal of the court to disapprove of it, must be condemned as a reprehensible encroachment upon the exclusive right of the court, in civil cases, to declare the law to the jury, yet we are unable, in this case, to see that the finding of the jury could have been affected by the indiscreet and probably inadvertent conduct of counsel. The instructions given by the court fully and fairly advised the jury as to all questions affecting the rights of appellant, and as to whether he was a person of sound mind and capable of managing his own estate.

Petition overruled.