CHICAGO, INDIANAPOLIS AND LOUISVILLE RAILWAY COMPANY v. McCOY ET AL.

[No. 2,799.   Filed Jan. 4, 1900.   Rehearing denied May 18, 1900.]

VERDICT.—*Special Finding.—Railroads.—Fires.*—Where, in an action against a railroad company for damages caused by fire escaping from defendant's right of way, a general verdict was returned for plaintiff, a motion for judgment in favor of defendant on the finding of facts that there was no evidence where plaintiff was at the time of the fire, and that he did nothing to protect his property, was properly overruled. *pp. 651-653.*

APPEAL AND ERROR.—*Bill of Exceptions.*—The fact that the instructions to the jury were included in the bill of exceptions with the stenographer's longhand manuscript of the evidence will not render the bill insufficient as to such matters as are properly contained therein. *p. 653.*

From the Benton Circuit Court.   *Affirmed.*

*E. C. Field, W. S. Kinnan* and *C. Snyder,* for appellant. *F. Foltz, C. G. Spiller* and *H. R. Kurrie,* for appellees.

HENLEY, J.—Action by appellees against appellant to recover damages alleged to have been caused by two fires set out by appellant's locomotive. The complaint is in four paragraphs. The first and second paragraphs seek to recover damages for fire occurring on the 26th of September,

and which burned appellees' land lying east of the railroad. The third and fourth paragraphs seek to recover damages resulting from fire on the 28th of September, burning appellees' land west of appellant's track. There was an answer in general denial. The jury returned a general verdict in favor of appellees for $850. Therewith, also, answers to interrogatories were returned. Appellant moved for judgment in its favor upon the special findings of facts made by the jury, which motion was overruled. The appellant also moved to change and modify the judgment. All of these motions the court overruled. Appellant moved for a new trial, which was overruled. The action of the lower court in overruling the various motions above mentioned is properly assigned as error to this court.

The first question arises upon the findings of fact made by the jury. Appellant moved for judgment upon the facts so found. This motion was overruled. By the general verdict of the jury, every material fact necessary to appellees' cause of action was found in their favor. It was thus established that appellant was guilty of negligence which was the proximate cause of appellees' injury, and that appellees were free from contributory negligence. Questions seventeen, eighteen, and nineteen submitted to the jury were as follows: (17) "Where was the plaintiff, McCoy, at the time of said fire of September 26th, which burned east of the railroad? A. No evidence to show where he was. (18) What did the plaintiff, McCoy, do to protect his property from damage by the fire of September 26th? A. Nothing. (19) What was the plaintiff, McCoy, doing at the time of said fire of September 26th? A. No evidence."

It is, of course, well established in this State that the appellees, in order to recover, must have shown themselves free from contributory fault. It is certain, also, that a special verdict containing only such findings of facts as were returned by the jury in this case would be insufficient to sustain a judgment for appellees, freedom from fault not

being affirmatively shown. *Wabash R. Co.* v. *Miller*, 18 Ind. App. 549; *Louisville, etc., R. Co.* v. *Roberts*, 18 Ind. App. 538; *New York, etc., R. Co.* v. *Grossman*, 17 Ind. App. 652; *Louisville, etc., R. Co.* v. *Porter*, 16 Ind. App. 266; *Tien* v. *Louisville, etc., R. Co.*, 15 Ind. App. 304.

The same rule does not apply where a general verdict is returned. Appellees' judgment is based upon a general verdict. The facts found do not affirmatively show that appellees, or either of them, were guilty of contributory negligence. Hence we fail to see where there is a conflict between the general verdict and the answers to the interrogatories. The motion for judgment upon the findings of fact was properly overruled.

It is contended by counsel for appellees that the evidence is not in the record, because there is included in the same bill of exceptions with the stenographer's longhand manuscript of the evidence the court's instructions to the jury. It was recently held by this court in the case of *City of New Albany* v. *Lines*, 21 Ind. App. 380, that the mere presence in the bill of matters other than those which may be properly presented by an original bill will not render the bill insufficient as to such matters as are properly therein. Ewbank's Manual §35.

Under that specification of the assignment of errors which questions the ruling of the lower court in overruling the motion for a new trial, it is argued that appellees have failed to show ownership or title to the property injured. We find upon careful examination of the evidence that every material averment of appellees' complaint is supported by some evidence. We find no error. Judgment affirmed.