### The B. L. Blair Company v. Rose.

[No. 3,335.    Filed April 5, 1901.]

Corporations.—*Conversion of Stock —Complaint.*—A complaint by a stockholder against a corporation for damages for the conversion of his stock is not bad for failure to allege the value of the stock, although it charged that the corporation was insolvent, where the complaint contained a general allegation as to damages, since the rule of damages in such case is the highest intermediate value of the stock between the time of the conversion and a reasonable time after the owner has received notice of the conversion.  *pp. 488, 489.*

Same.—*Conversion of Stock.—Complaint.*—A complaint by a stockholder against a corporation for damages for the conversion of his stock, which discloses that the stock certificates were lost, is not bad for failure to show an offer of indemnity against future liability of the corporation should the certificates be afterward presented by a *bona fide* purchaser, since the stock certificates were not the foundation of the action.  *pp. 489, 490.*

Appeal and Error.—*Bill of Exceptions.—Evidence.*— Under §638a Burns Supp. 1897, it is not necessary to file the manuscript of the evidence in the clerk's office before incorporating the same in the bill of exceptions.  *p. 490.*

Corporations.—*Conversion of Stock.— Value of Stock.—Evidence.— Measure of Damages.*—In an action for damages for the conversion of stock, e·idence as to the price at which shares of stock in the same corporation sold a short time before the conversion furnished a sufficient basis upon which to determine plaintiff's damages.  *p. 490.*

From the Marion Superior Court.    *Affirmed.*

*John W. Kern,* for appellant.

*W. H. Latta,* for appellee.

ROBY, J.—Appellee recovered judgment in the court below upon the second paragraph of his complaint. The assignments of error argued are (1) overruling the demurrer to the second paragraph of complaint; (2) overruling the motion for a new trial.

This paragraph of complaint averred, in substance, that the appellant issued certificates for five shares of its stock for $100 each to B. L. Blair, its president; that Blair assigned such stock and certificates to appellee in writing; that the certificates provided in terms that no assignment or transfer of them should be complete until recorded upon the books of the company; that appellee presented such certificates and assignments to the appellant, and demanded that they be transferred upon its records, but that he was informed that such shares had been canceled and his demand refused. That said shares had been canceled by the defendant and by it wrongfully converted to its own use; that it has at all times refused, and still refuses, to transfer the same. That at the time of such demand, the appellee had possession of said certificates and exhibited and tendered the same to appellant. That since that time he has lost them and for that reason can not set out copies. That the appellant corporation was insolvent and unable to pay its debts; that its affairs were being mismanaged, and that the appointment of a receiver was necessary to prevent irreparable loss to appellee and other stockholders; that by reason of such refusal and conversion appellee had been damaged in the sum of $500, for which he demanded judgment with other relief.

The first objection to the complaint is that it fails to allege the value of the stock, or that it had any value, but affirmatively shows that the corporation was insolvent and the stock therefore worthless. The rule of damages is the highest intermediate value of the stock between the time of conversion and a reasonable time after the owner has received notice of the conversion to enable him to replace the

stock. *Citizens St. R. Co.* v. *Robbins,* 144 Ind. 671-684. "The value of the stock at the time of the conversion or a reasonable time thereafter." Cook on Stock and Stockholders, §581. By the term "value of stock" is usually meant market value. Cook on Stock and Stockholders, §581, note 2.

The second paragraph of complaint concludes as follows: "Plaintiff further avers, that by the wrongful conversion of said shares of stock by the defendant and by the refusal of the said defendant to transfer the same upon its books, and by said acts of the defendant in depriving this plaintiff of the use, possession and benefit of said shares, this plaintiff has been damaged in the sum of $500. Wherefore the plaintiff prays judgment against the defendant in the sum of $500." The pleading in any view shows facts entitling appellee to nominal damages, and is therefore sufficient to resist a demurrer. *Richter* v. *Meyers,* 5 Ind. App. 33.

The natural, direct, and necessary result of the conversion was to deprive appellee of the stock and damage him to the extent of its value. The general allegation of damage is therefore sufficient. *Evansville, etc., R. Co.* v. *Holcomb,* 9 Ind. App. 198; *Hutts* v. *Shoaf,* 88 Ind. 395; *Neal* v. *Shewalter,* 5 Ind. App. 147. "Where the action is for the conversion or destruction of property, or any tortious act or omission involving its loss, the law infers an injury measured by its value, and the injured party may recover by that standard under the general averment of damage. \* \* \* Where a tort or breach of contract is so alleged that loss is the direct and necessary consequence, damages therefor may be recovered under a general allegation." Sutherland on Damages (2nd ed.), §420.

The second objection to the sufficiency of the complaint is that it shows that at the commencement of the suit appellee had lost or mislaid his certificates, and does not show an offer of indemnity against future liability, should they thereafter be presented by a *bona fide* purchaser. The.

pleading avers that appellee had possession of the certificates, and that they were exhibited and tendered to appellant at the time the demand for their transfer on the corporation books was made, and that appellant then informed him that the stock was canceled.

The conversion for which an action lies, in general, dates from the time when the stockholder, being entitled to immediate possession or delivery of the stock or the certificate, makes a demand for it which is refused. Cook on Stock and Stockholders, §581; 3 Sutherland on Dam. (2nd ed.), §1112. The averments that the certificates had been lost or mislaid seem to have been inserted as an excuse for not filing copies with the pleading, but neither the excuse nor the copies were necessary. The averments do not add to or take away from the right otherwise appearing upon the face of the pleading. The demurrer was properly overruled.

It is forcefully argued that there is no evidence showing, or tending to show, that the stock possessed any value.

Appellee makes the point that the evidence is not in the record, for the reason that the reporter's original longhand manuscript does not appear to have been filed in the clerk's office before being incorporated in the bill of exceptions. It is not necessary that it should be so filed. §638a Burns Supp. 1897; Ewbank's Manual, §35.

It was shown on the trial that the appellee some time before the alleged conversion sold fifteen shares of this stock to appellant's president for $540. There was very sharp conflict relative to the character of the transaction, but the court apparently regarded it as a sale. So regarded, it furnishes a basis upon which appellee's damages can be at least approximated. It is not as though the value of one horse were to be determined by the proof of what another horse was sold for. The subject-matter of the transaction was stock in the same corporation, the evidence was directed to its market value, and furnishes a sufficient basis for the finding. The judgment is affirmed.

Wiley, J., took no part in the decision of this case.