Diezi v. Hammond Co.

---

## DIEZI v. THE G. H. HAMMOND COMPANY.

[No. 18,994.    Filed May 10, 1901.]

APPEAL.—*Evidence.*—*Bill of Exceptions.*—The act of 1897 (Acts 1897, p. 244), prescribing the manner in which evidence may be made a part of the record on appeal does not require that the evidence be first filed with the clerk of the trial court before it is incorporated into the bill of exceptions. *pp. 584, 585.*

MASTER AND SERVANT.—*Negligence.*—*Questions for Jury.*— Plaintiff had been in the continuous employment of defendant as a common laborer for four years. A short time before the injuries complained of, defendant's superintendent directed plaintiff to wash out a sewer hole used by the defendant company. The water used in doing the work was conducted through a hose from pipes which were a part of a water-works system maintained by defendant in connection with its business. The defendant descended into the sewer hole and handled the nozzle, while two assistants held the hose to which the nozzle was attached. A week later plaintiff asked defendant's superintendent to furnish men to assist in the work of cleaning the sewer hole. The superintendent replied that no assistants were

needed, and that he should proceed to do the work himself. The sewer hole was not cleaned at that time for the reason that a water pipe was burst. Later the plaintiff undertook the work without help, and, when the water was turned on, the hose became unmanageable and the plaintiff was struck and injured by the nozzle. The usual pressure of the water was eighty pounds, with which pressure it required three men to handle the hose. *Held*, that the court should have submitted to the jury the questions whether the defendant was wanting in reasonable care, whether plaintiff assumed the risk, and whether defendant was guilty of contributory negligence. *pp. 585, 587.*

TRIAL.—*Practice.*—*Directing Verdict.*—A verdict for the defendant should be directed by the court only when the plaintiff fails to make a case, so that it would be the duty of the trial court, or a higher court on appeal, to set aside the verdict as not being supported by any competent evidence on some material point. *p. 588.*

From the Porter Circuit Court. *Reversed.*

*M. M. Bruce* and *O. J. Bruce,* for appellant.
*B. F. Ibach* and *J. G. Ibach,* for appellee.

BAKER, J.—To appellant's complaint for $10,000 damages for personal injuries, appellee filed a general denial. At the conclusion of appellant's evidence in chief, appellee unsuccessfully moved the court to direct a verdict for appellee. After appellee's evidence in defense and appellant's in rebuttal had all been introduced, the court instructed the jury to return a verdict for appellee. Over appellant's motion for a new trial, judgment was entered. The only question sought to be presented by appellant is: Was the court's action in directing the verdict erroneous?

Appellee insists that the bill of exceptions containing the evidence is not in the record, because the longhand manuscript was not filed in the clerk's office before it was incorporated in the bill. This cause was tried in November, 1898, and the sufficiency of the bill is therefore to be determined by the act of 1897 (Acts 1897, p. 244). Under that act, the original bill of exceptions containing the evidence may be embraced in the transcript, no matter who prepared the bill for the judge's approval and signature; and, if a

shorthand reporter is employed, his longhand manuscript need not be filed in the clerk's office before it is embodied in a bill of exceptions. *Minnick* v. *State,* 154 Ind. 379; *Adams* v. *State, post,* 596; *Blair Co.* v. *Rose* (Ind. App.), 60 N. E. 10. It is also contended that the evidence can not be considered because matters other than the evidence are included in the bill. It is settled that this does not vitiate the bill so far as the evidence is concerned. *Adams* v. *State, supra; Maynard* v. *Waidlich, ante,* 562; *City of New Albany* v. *Lines,* 21 Ind. App. 380, 391; *Chicago, etc., R. Co.* v. *McCoy,* 24 Ind. App. 651.

The evidence that is favorable to appellant discloses the following state of facts: Appellant, born and raised in Switzerland, arrived in this country in 1894 at the age of nineteen years and came directly to Hammond, Indiana, where he began working for appellee, and continued the greater part of the time until he was injured on March 7, 1898. He was in appellee's service continuously from the latter part of May, 1897, to March 7, 1898. He was a common laborer, of very limited experience. Appellee is a corporation doing business in dressed meats. Sometime after January 1, 1898, and at least one month prior to March 7, 1898, appellee had constructed a sewer from the killing floor of its plant to the Grand Calumet river. Six feet from the killing floor are located two catch-basins through which the new sewer passes in reaching the river. Thirty-three feet from the catch-basins is located a sewer hole (manhole) five feet two inches long, two feet two inches wide and three feet seven inches deep. Shortly after January 1, 1898, appellant was transferred from helping in the press room to skimming and cleaning out the catch-basins connected with the new sewer. Appellant first learned of the sewer hole about four weeks before he was injured, when it was shown to him by one of appellee's foremen. About a week after appellant had learned of the sewer hole he was requested by the superintendent to take

the hose and go into the hole and wash it out. The superintendent called the fireman and told him to bring the hose and make everything ready so it could be used to rinse out the sewer. Appellant then went to skim the catch-basins but came back in fifteen or twenty minutes and found everything ready, the hose screwed onto the water-pipe, and a nozzle attached to the other end, and Wright and Bush, laborers who had been sent by Grey, the foreman, present to help appellant clean the sewer. Appellant went into the hole with the hose while Wright and Bush stood outside and held the hose. While they were thus cleaning the sewer Grey came along and informed appellant that that was the right way to do the work and that he must clean it out once a week. The next week appellant requested Grey to have some one help him clean the sewer, but was informed by Grey that he did not need help and that he must do it himself. This time, however, appellant did not clean the sewer as the pipe was bursted. The next time he went to clean the sewer was the following week, March 7, 1898. He attached the hose, took the nozzle, went into the hole, and then requested the fireman to turn on the water. When the water was turned on the hose became unmanageable and jerked away from appellant, and while he was trying to get out of the hole the hose struck him on the knee, dislocating the joint. Appellee maintained its own system of waterworks in connection with its plant. Eighty pounds pressure was usually carried and such was the pressure when appellant was injured. With more than forty pounds pressure one man could not hold the hose. Fifty pounds pressure would require two men, and eighty pounds three men. It was dangerous to go into the hole with the hose when water was being forced through it under high pressure. This was known to the foreman Grey. The work of cleaning out the sewer was not appellant's usual employment, but was additional work. Appellant had never had any experience working with hose, and had no knowledge of any danger in working with it.

Diezi *v.* Hammond Co.

From this evidence the jury might legitimately have drawn the inference that appellee was wanting in that reasonable care for the safety of its employe which the law enjoins. It is true that the hole alone was not dangerous; nor the hose; nor the water. But it was dangerous for one man to go into the hole and undertake to handle the hose with the water running through it under a pressure of eighty pounds. The danger was known to appellee, but was unknown to appellant. And there was evidence from which the fact might properly have been deduced that appellee was aware of appellant's ignorance when he was directed to do, by himself, this work which was additional to his usual employment. Appellant was a common day laborer. This was known to appellee. The first time appellant worked with the hose, there were two men outside the hole who assisted in handling the hose. The foreman stated to appellant that that was the right way to do the work and that he should look after it once a week thereafter. The next week, appellant got the hose and asked the foreman for the helpers. The foreman directed him to do the work alone. From the fact that two men helped hold the hose the first time, the jury might have concluded that appellant did not appreciate the danger of one man's undertaking to do the work alone. From the facts that the foreman knew that appellant was a day laborer, that cleaning the sewer was outside of appellant's usual employment, that he, the foreman, had approved the method of having three men hold the hose and directed appellant to do the work that way once a week, and that appellant had asked him for assistance and he had refused, the jury might have inferred that the foreman was aware of appellant's ignorance and heedlessly sent him into a dangerous place. Under proper instructions, the court should have submitted to the jury the questions, whether appellee was wanting in reasonable care, whether appellant assumed the risk, and whether appellant was guilty of contributory negligence. *Consolidated Stone Co.* v. *Summit*, 152 Ind. 297.

At the conclusion of appellant's evidence in chief, the court refused to take the case from the jury. If the evidence for the defense satisfied the court that appellant ought not to recover and that a verdict for appellant ought to be set aside as being contrary to the weight of the evidence, it was not the court's province to instruct the jury to return a verdict for appellee. It is only when the plaintiff fails to make a case, so that it would be the duty of the trial court or of a higher court on appeal to set aside the verdict as not being supported by any competent evidence on some material point, that a verdict for the defendant should be directed. *Gregory* v. *Cleveland, etc., R. Co.,* 112 Ind. 385, 388; *Wolfe* v. *McMillan,* 117 Ind. 587.

Judgment reversed, with instructions to sustain the motion for a new trial.