## NURRENBERN *v.* DANIELS.

[No. 20,424.   Filed October 4, 1904.]

APPEAL AND ERROR.—*Motion for Judgment Non Obstante.—Supreme Court Rules.— Waiver.—*Where an assignment of error in the Appellate Court questions the ruling of the trial court on a motion for judgment *non obstante*, and the appellant has not set out the interrogatories to the jury and answers thereto in his brief, nor given a condensed recital thereof, as required by rule twenty-two, clause five, of the Supreme Court, such error is waived. *p. 303.*

PLEADING.—*Demurrer.—Motion to Strike Out.—*Where a demurrer is overruled to a paragraph of complaint, and afterwards a motion to strike out parts thereof is sustained, no question can be raised in an appellate court on the ruling on the demurrer. *p. 302.*

APPEAL AND ERROR.—*Bill of Exceptions.—*Where the clerk's certificate, authenticating the record, bears date of June 24, 1903, and the bill of exceptions containing the evidence was not signed by the judge until July 27, 1903, such bill is not in the record. *p. 302.*

From Warrick Circuit Court; *E. M. Swan*, Judge.

Action by Annie Daniels against Ben J. Nurrenbern for damages for wrongful replevy of goods, and for personal injuries. From a judgment on a verdict for $250 in favor of plaintiff, defendant appeals. Transferred from the Appellate Court under §1337u Burns 1901. *Affirmed.*

*C. W. McKinney* and *W. S. Hurst*, for appellant.
*O. E. Woods* and *A. J. Clark*, for appellee.

MONKS, J.—The assignment of errors in this case is as follows: "(1) The court erred in overruling the appellant's demurrer to the third paragraph of appellee's complaint; (2) the court erred in overruling appellant's motion for a judgment on the answers to interrogatories; (3) the court erred in overruling appellant's motion for a new trial."

Counsel for appellee insist: "(1) That no question can be presented as to the action of the court in overruling appellant's demurrer to the third paragraph of complaint, for the reason that, after said ruling of the court, appellant filed a motion to strike out a part of said paragraph, which was sustained; (2) that the third error assigned is not sustained by the record, because it depends for its determination upon this evidence, which is not in the record; (3) that the appellant has waived the second error assigned, by failing to comply with rule twenty-two of this court."

It appears from the record that, after the court overruled appellant's demurrer to the third paragraph of complaint, appellant filed a motion to strike out a part of said third paragraph, which was sustained by the court. No question as to the sufficiency of said third paragraph after said motion was sustained is presented by the record, and it is immaterial whether or not it was sufficient before that time. See *Sim* v. *Hurst* (1873), 44 Ind. 579.

The certificate of the clerk authenticating the record bears date of June 24, 1903. What purports to be a bill of exceptions containing the evidence was not signed by the judge until July 27, 1903, more than thirty days after the record was certified by the clerk. It has been uniformly held that the certificate of the clerk only certifies to the correctness of all papers filed, proceedings had, and entries made, prior to the date of said certificate, and can not authenticate papers filed, proceedings had, or entries made, subsequent to that time. Ewbank's Manual, p. 43; *Hughes*

v. *Hughes* (1894), 139 Ind. 474, 476; *Humbarger* v. *Carey* (1896), 145 Ind. 324, 327; *Jamieson* v. *State, ex rel.* (1895), 13 Ind. App. 294. It is clear, therefore, that the evidence is not in the record.

Appellant has not set forth in his brief a copy of the interrogatories submitted to the jury and the answers thereto, nor is the substance of said interrogatories and answers, or a condensed recital thereof, contained in said brief. For this reason, the second error assigned is waived. *Perry, etc., Stone Co.* v. *Wilson* (1903), 160 Ind. 435, 437.

It follows that appellee's contention as to each error assigned must be sustained. Judgment affirmed.