IN RE ANNEXATION OF CERTAIN TERRITORY TO THE CITY
OF PRINCETON ET AL. *v.* THE CITY OF PRINCETON

[No. 20,101. Filed August 12, 1964. Rehearing denied
November 18, 1964. Transfer denied October 14, 1965.]

·*Arthur S. Wilson,* of Princeton, for appellants.

*McDonald and McDonald* and *Douglas. H. McDonald,* of Princeton, for appellee.

HUNTER, C. J.—This is an appeal from a proceeding and final judgment adverse to the appellants upon an appeal and remonstrance filed with the Clerk of the Gibson Circuit Court by appellants as remonstrators against city ordinance No. 1959-18 passed by the City Council of the City of Princeton, Indiana wherein certain territory commonly designated as Tower Heights Addition and Business Men's Addition was annexed to the corporate limits of said city. The appeal upon the remonstrance was submitted to the Gibson Circuit Court for its con-

sideration and determination. The cause was tried by the court without a jury.

The court made its findings of fact and entered its conclusions of law thereupon and rendered judgment in favor of the appellees, the City of Princeton, and against the remonstrators decreeing and ordering that certain territories should be annexed to the City of Princeton, Indiana. This matter comes to us upon a motion filed by the appellee, City of Princeton, to dismiss or in the alternative to affirm the judgment of the Gibson Circuit Court.

In rhetorical paragraph five (5) of said motion, the appellee states that this cause should be dismissed because of the improper certification of the Bill of Exceptions attached to the transcript. The certificate of the Clerk to the transcript is dated February 17, 1964 (Tr. 1939, l. 13), while the Bill of Exceptions was not signed by the Judge and filed until April 9, 1964. (Tr. 1938, l. 11-16).

A review of the motion for new trial and the assignment of error filed by the appellant shows conclusively that any consideration of errors asserted by the appellant requires that this court survey the evidence presented in the lower court. However, the evidence contained in the purported Bill of Exceptions cannot be considered by this court inasmuch as it has not been properly filed and authenticated. The Supreme Court and this court have consistently held that the certificate of the Clerk certifies only those papers filed and proceedings had before the date of the certificate. *Painter* v. *State* (1911), 175 Ind. 665, 95 N. E. 113; *Robinson* v. *Smith* (1917), 64 Ind. App. 119, 115 N. E. 336. Any filings made after the date of the Clerk's certificate cannot be authenticated by the certificate, and if, as in the case at bar, the Bill of Exceptions

is within this class, the evidence contained therein is not properly contained in the transcript, and cannot be considered by this court. *Edwards* v. *Evansville City Coach Lines, Inc.* (1956), 126 Ind. App. 342, 133 N. E. 2d 88; *Nurrenbern* v. *Daniels* (1904), 163 Ind. 301, 71 N. E. 889; *Painter* v. *State, supra; Robinson* v. *Smith, supra.*

It is therefore the opinion of this court that the record of this cause is not properly before the court, and no questions are presented for consideration.

Appeal dismissed.

NOTE.—Reported in 200 N. E. 2d 540.